UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY ELLEN LUTZ, LEA SHURMATZ, KRISTIN SCHWARTZ AND LINDA SPRING, *individually and as representatives of similarly situated persons, and on behalf of the Plans,*<br><br>            *Plaintiffs,*<br><br>  v.<br><br>KALEIDA HEALTH, KALEIDA HEALTH RETIREMENT PLAN COMMITTEE AND SUSAN VALLANCE,<br><br>            *Defendants.* | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Civil Action No.<br><br>_____ |

Plaintiffs Mary Ellen Lutz, Lea Shurmatz and Kristin Schwartz ("Named Plaintiffs"), individually and on behalf the Kaleida Health Savings/Investment 403(b) and 401(k) Plans ("Plans") and all other similarly situated participants and beneficiaries of the Plans (collectively, "Plaintiffs"), by and through their attorneys, Thomas & Solomon LLP, bring this class action complaint against Kaleida Health, Kaleida Health Retirement Plan Committee and Susan Vallance (collectively, "Defendants"), and allege as follows:

## NATURE OF ACTION

1. This lawsuit seeks to recover damages in the form of losses suffered by the Plans and losses to Plaintiffs' retirement savings as well as injunctiv and other equitable relief for the Plans and on behalf of the Named Plaintiffs and similarly situated participants and beneficiaries of the Kaleida Health Savings/Investment 403(b) Plan ("403(b) Plan") and Kaleida Health Savings/Investment 401(k) Plan ("401(k) Plan").

2. Named Plaintiffs bring this suit individually and on behalf of the Plans pursuant to 29 U.S.C. § 1132(a)(2) and (3) as a class action on behalf of the Plans and similarly situated participants and beneficiaries of the Plans pursuant to Federal Rule of Civil Procedure 23

("Rule 23") against Defendants for breach of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA").

3.     Plaintiffs seek relief for Defendants' failure to offer a prudent mix of investment options.  Defendants failed to take advantage of the Plans' bargaining power and impaired participants' returns by only offering actively managed retail mutual funds as investment options instead of identical investor class mutual funds with lower operating expenses. Through this conduct, as explained in more detail below, Defendants violated their fiduciary obligations under ERISA and caused damages to the Plans and to Plaintiffs.

## JURISDICTION AND VENUE

4.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

5.     Venue is appropriate in the Western District of New York since the Plans are administered in this district, the breach took place in this district, and Defendants reside in this district.

## THE PARTIES

### Named Plaintiffs

6.     Named Plaintiff Mary Ellen Lutz resides in Kenmore, New York and worked as a Registered Nurse at Kaleida Health.

7.     Ms. Lutz was a participant in the 403(b) Plan.

8.     During the proposed class period, Ms. Lutz invested in T. Rowe Price Retirement 2020 Advisor class mutual funds.

9.     Named Plaintiff Lea Shurmatz resides in North Tonawanda, New York and works as Registered Nurse at Kaleida Health.

10.    Ms. Shurmatz is a participant in the Plans.

11.    During the proposed class period, Ms. Shurmatz invested in T. Rowe Price Retirement 2050 Advisor class mutual funds.

12.    Named Plaintiff Kristin Schwartz resides in Depew, New York and worked as a Registered Nurse and Clinical Information Specialist at Kaleida Health.

13.    Ms. Schwartz was a participant in the Plans during the proposed class period.

14.    During the proposed class period, Ms. Schwartz invested in T. Rowe Price Retirement 2045 Advisor class mutual funds.

15.    Named Plaintiff Linda Spring resides in Akron, New York and works as a Medical Secretary at Kaleida Health.

16.    Ms. Spring is a participant in the Plans.

17.    During the proposed class period, Ms. Spring invested in T. Rowe Price Retirement 2020 Advisor class mutual funds.

*Defendants*

18.    Kaleida Health is a New York not-for-profit corporation. It is a healthcare network and the largest healthcare provider in Western New York. Kaleida Health provides healthcare services through its facilities in the Western New York area, including hospitals, long-term care facilities, outpatient clinics, school-based health centers and home health care service.

19.    Kaleida Health is the sponsor of the Plans and a fiduciary of the Plans. Kaleida Health appoints individuals to the Kaleida Health Retirement Plan Committee ("Committee") and monitors those individuals, the Committee and the Plans themselves. Kaleida Health exercises discretionary authority over the management and/or administration of the Plans.

20.     The Committee is a named administrator and fiduciary of the Plans.

21.     The Committee is comprised of certain officers and employees of Kaleida Health.

22.     Susan Vallance is a named administrator and fiduciary of the Plans.

23.     Susan Vallance holds the position of Director, Employee Benefits & Pension Plans at Kaleida Health.

24.     As administrators of the Plans, the Committee and Susan Vallance are responsible for the management and administration of the Plans.

25.     The Committee and Susan Vallance exercise discretion in administering and managing the Plans and/or controlling the Plans' assets.

**FACTS**

*The Plans*

26.     As a benefit of employment, Kaleida Health offers certain employees the opportunity to participate in the Plans.

27.     The 403(b) Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34).

28.     The 403(b) Plan was effective July 1, 1999.

29.     As of December 31, 2016, the 403(b) Plan had $370,118,634 in net assets, 10,565 total participants and 6,757 participants with account balances.

30.     As of December 31, 2016, the 403(b) Plan offered participants the following investment options:

     a.  7 Equity Funds:

- American Funds Europacific Growth R5
- American Funds Growth Fund of Amer A

- Dodge & Cox Stock
- PNC Small Cap I
- Vanguard Institutional Index I
- Vanguard Mid Cap Index Admiral
- Vanguard Small Cap Index I

b.  2 Bond Funds:

- Baird Aggregate Bond Inst
- Vanguard Inflation-Protected Secs Adm

c.  11 Target Retirement Date Mutual Funds:

- T. Rowe Price Retirement 2005 Advisor
- T. Rowe Price Retirement 2010 Advisor
- T. Rowe Price Retirement 2015 Advisor
- T. Rowe Price Retirement 2020 Advisor
- T. Rowe Price Retirement 2025 Advisor
- T. Rowe Price Retirement 2030 Advisor
- T. Rowe Price Retirement 2035 Advisor
- T. Rowe Price Retirement 2040 Advisor
- T. Rowe Price Retirement 2045 Advisor
- T. Rowe Price Retirement 2050 Advisor
- T. Rowe Price Retirement 2055 Advisor

d.  2 Annuities:

- Lincoln NY Fixed Annuity-N03
- Lincoln NY Fixed Annuity-N03A

31.     The 401(k) Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34).

32.     The 401(k) Plan was effective July 1, 1999.

33.     As of December 31, 2016, the 401(k) Plan had $69,476,614 in net assets, 10,323 total participants and 4,644 participants with account balances.

34.     As of June 30, 2016, the 401(k) Plan offered participants the following investment options:

a.  7 Equity Funds:

- American Funds Europacific Growth R5
- American Funds Growth Fund of Amer A
- Dodge & Cox Stock
- PNC Small Cap I
- Vanguard Institutional Index I
- Vanguard Mid Cap Index Admiral
- Vanguard Small Cap Index I

b. 2 Bond Funds:

- Baird Aggregate Bond Inst
- Vanguard Inflation-Protected Secs Adm

c. 11 Target Retirement Date Mutual Funds:

- T. Rowe Price Retirement 2005 Advisor
- T. Rowe Price Retirement 2010 Advisor
- T. Rowe Price Retirement 2015 Advisor
- T. Rowe Price Retirement 2020 Advisor
- T. Rowe Price Retirement 2025 Advisor
- T. Rowe Price Retirement 2030 Advisor
- T. Rowe Price Retirement 2035 Advisor
- T. Rowe Price Retirement 2040 Advisor
- T. Rowe Price Retirement 2045 Advisor
- T. Rowe Price Retirement 2050 Advisor
- T. Rowe Price Retirement 2055 Advisor

d. 1 Annuity:

- Lincoln NY Fixed Annuity-N03

35.    The investment options offered by each of the Plans are nearly identical.

36.    The 11 T. Rowe Price target retirement date mutual funds offered by the Plans are all advisor or retail class funds, as opposed to investor or institutional class funds.

37.    The advisor or retail class T. Rowe Price funds offered by the Plans charge a 12b-1 fee of .25% of the fund's net assets.

38.    A 12b-1 fee is an annual charge for marketing or distribution. Participants of the Plans derive no benefit from the 12b-1 fee.

39.     Although the Plans only offer advisor or retail class shares of the T. Rowe Price target retirement date funds, these funds also have investor or institutional class shares which do not charge a 12b-1 fee. A chart comparing the fees of these two classes of funds is below:

| Fund | Annual Operating Expense of Advisor Class (Plans' Class) | Annual Operating Expense of Investor Class |
|------|------|------|
| T. Rowe Price Retirement Fund 2005 | .85 | .60 |
| T. Rowe Price Retirement Fund 2010 | .84 | .59 |
| T. Rowe Price Retirement Fund 2015 | .87 | .62 |
| T. Rowe Price Retirement Fund 2020 | .91 | .66 |
| T. Rowe Price Retirement Fund 2025 | .94 | .69 |
| T. Rowe Price Retirement Fund 2030 | .97 | .72 |
| T. Rowe Price Retirement Fund 2035 | .99 | .74 |
| T. Rowe Price Retirement Fund 2040 | 1.01 | .76 |
| T. Rowe Price Retirement Fund 2045 | 1.01 | .76 |
| T. Rowe Price Retirement Fund 2050 | 1.01 | .76 |
| T. Rowe Price Retirement Fund 2055 | 1.01 | .76 |

40.     Retail share classes of mutual funds are typically marketed to individuals with small amounts to invest whereas institutional share classes are offered to investors with large amounts to invest (typically $1 million or more), such as large retirement plans. The different share classes of a mutual fund, such as the T. Rowe Price target retirement date funds, are identical in all ways except that the retail shares have a 12b-1 fee, resulting in a higher annual operating expense and lower returns for the retail class investors.

41.     In the extremely competitive 401(k) and 403(b) marketplaces, retirement plans with very large pools of assets, such as the Plans, which together have over $400 million in assets, have the ability to use their bargaining power to obtain institutional classes of shares without 12b-1 fees and, therefore, lower operating expenses.

42.     Defendants' selection of mutual funds with 12b-1 fees instead of offering identical funds without those fees is imprudent since participants derive no benefit from those fees.

43.     A prudent fiduciary would have selected the investor class of T. Rowe Price mutual funds instead of the retail class of funds with the 12b-1 fee.

44.     The retail class funds offered by the Plans are the only class of target retirement date mutual funds offered and constitute a majority of the mutual fund options offered by the Plans.

45.     Therefore, Defendants acted imprudently by failing to offer a sufficient mix of investment options for the participants in the Plans.

## CLASS ACTION ALLEGATIONS

46.     29 U.S.C. § 1132 (a)(2) authorizes any participant or beneficiary to bring an action on behalf of a plan for relief under 29 U.S.C. § 1109 for breach of fiduciary duty. The claims asserted herein are properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23").

47.     The Rule 23 class is defined as follows:

All participants and beneficiaries of the Plans at any time on or after October 11, 2012 excluding Defendants and any participant who is a fiduciary to the Plans.

48.     The class action is maintainable under subsections (1), (2), (3) and (4) of Rule

23(a).

49.     The Class is so numerous that joinder of all members is impracticable. The Plans had over 11,000 participants with account balances during the Class period.

50.     Common issues of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members. Among the common issues of law and fact are the following:

- Whether Defendants are fiduciaries of the Plans;

- Whether Defendants breached their fiduciary duties by engaging in the conduct described herein;

- A determination of the losses to the Plans and proper measure of monetary relief due to the breach of fiduciary duties;

- A determination of equitable and injunctive relief that should be imposed due to the breach of fiduciary duties.

51.     These common questions of law and fact also predominate over any questions affecting only individual Class members.

52.     The Named Plaintiffs' claims are typical of the claims of other members of the Class because Named Plaintiffs, like other Class members, participated in the Plans and have suffered injuries due to Defendants' imprudence. Defendants treated Named Plaintiffs the same as members of the Class with regard to the Plans.

53.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Class. Named Plaintiffs have no interest antagonistic to the Class and have retained counsel experienced in complex class action litigation.

54.     Class counsel Thomas & Solomon LLP is qualified and able to litigate Named Plaintiff and Class claims.

55.     Thomas & Solomon LLP concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy and avoids duplication by allowing these claims to be prosecuted in a single action. Named Plaintiffs and Class members lack the resources to adequately prosecute separate claims, and the amount that each individual stands to recover makes individual cases impractical to pursue.

57.     The class action is also maintainable under subsection (2) of Rule 23(b) because the Named Plaintiffs and Class members seek injunctive relief against Defendants.

58.     Moreover, the class action is maintainable under subsection (3) of Rule 23(b) because the Named Plaintiffs and Class members seek to resolve common questions of law and fact that predominate among the Named Plaintiffs and Class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59.     The Class is also maintainable under Rule 23(c)(4) because resolution of common issues will significantly advance the litigation or entitle Plaintiffs to injunctive relief.

## CAUSE OF ACTION
### *Breach of Fiduciary Duty Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)*

60.     Plaintiffs hereby re-allege the above paragraphs as if fully restated herein.

61.     This count arises from Defendants' breach of their fiduciary duties under ERISA.

62.     29 U.S.C. § 1104 requires Defendants, as fiduciaries of the Plans, to act prudently and "solely in the interest of the participants and beneficiaries" in administering and managing the Plans and the Plans' investments.

63.     Moreover, Defendants, as fiduciaries of the Plans, have "a continuing duty to monitor trust investments and remove imprudent ones." *Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1828, 191 L. Ed. 2d 795 (2015).

64.     Defendants acted imprudently by selecting and retaining retail class shares of target-date mutual funds with 12b-1 fees for the Plans when identical investor class shares of the same funds were available without a 12b-1 fee.

65.     By choosing the more expensive retail class of funds over the identical but less expensive investor class of the same funds, Defendants failed to discharge their duties with respect to the Plans with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a similar capacity and familiar with such matters would use in violation of 29 U.S.C. § 1104.

66.     Each of the Defendants is personally liable and Defendants are jointly and severally liable to make good to the Plans the losses resulting from the breaches described herein, to restore to the Plans any profits Defendants made through the use of the Plans' assets and to restore to the Plans any profits resulting from the breach of fiduciary duties alleged herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in their favor and that they be given the following relief:

a.     A declaration that Defendants have breached their fiduciary duties under ERISA;

b.     an order certifying the class as requested and designating Thomas & Solomon LLP as class counsel;

c.     designation of Mary Ellen Lutz, Lea Shurmatz, Kristin Schwartz and Linda Spring as Named Plaintiffs;

d.     imposition of a constructive trust on any amounts by which Defendants

were unjustly enriched at the expense of the Plans due to the breach of fiduciary duties under ERISA;

e.   an order that Defendants be required to provide an accounting of the losses the Plans suffered due to Defendants' breach of their fiduciary duties under ERISA;

f.   the amount equal to the value that would make Named Plaintiffs and the Class Members whole for the violations;

g.   an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Named Plaintiffs' and Class Members' rights pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

h.   an award of pre- and post-judgment interest;

i.   service payments for the Named Plaintiffs; and

j.   such other and further legal or equitable relief as this Court deems to be just and appropriate.

## <u>JURY DEMAND</u>

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: October 11, 2018

**THOMAS & SOLOMON LLP**

By:   _[signature]_

Michael J. Lingle, Esq.
Annette M. Gifford, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
mlingle@theemploymentattorneys.com
agifford@theemploymentattorneys.com