UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY ELLEN LUTZ, LEA SHURMATZ,
KRISTIN SCHWARTZ, LINDA SPRING,
and ALEXIA CHRISTODOULIDES,
individually and as representatives of
similarly situated persons, and on behalf of
the Plans,

            Plaintiffs,

      v.

KALEIDA HEALTH, *et al.*,

            Defendants.
_____

**DECISION AND ORDER**

1:18-CV-01112 EAW

## **INTRODUCTION**

This case is a putative class action alleging violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (Dkt. 14). The undersigned referred all pretrial matters excluding dispositive motions to United States Magistrate Judge Jeremiah J. McCarthy. (Dkt. 30; Dkt. 47).

Currently pending before the Court is Plaintiffs' appeal (Dkt. 122) of Judge McCarthy's November 8, 2022 Decision and Order (Dkt. 121) granting Defendants' motions to strike the Amended Expert Witness Report and Rebuttal Report of James M. Garber ("Garber"), Plaintiffs' expert witness (Dkt. 82; Dkt. 91). Familiarity with the previous proceedings in this matter, including the parties' briefing on the motions to strike and Judge McCarthy's Decision and Order, is assumed for purposes of this Decision and Order.

**DISCUSSION**

**I.     Standard of Review**

"When a party submits objections to a magistrate judge's non-dispositive order, the district court must review the objections and 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 72(a)).  Motions regarding the admissibility of expert testimony are non-dispositive.  *See id.*; *see also Hernandez v. Pitco Frialator, Inc.*, No. 15-CV-1079-A, 2022 WL 954404, at *3 (W.D.N.Y. Mar. 30, 2022) ("The Magistrate Judge also issued a Decision and Order concerning a non-dispositive motion, *i.e.*, Defendant's motion to disqualify Plaintiff's expert witness, which will not be reversed by this Court unless it is clearly erroneous or contrary to law." (quotation omitted)).[1]

This standard of review is highly deferential.  Magistrate judges are "afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *McNamee v. Clemens*, No. 9-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014).  "A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding, or when its decision—though not necessarily the

---

[1]     Defendants argue as a threshold matter that Plaintiffs' appeal of Judge McCarthy's Decision and Order is untimely, inasmuch as the deadline for filing was November 22, 2022, but the appeal was not filed until November 23, 2022. (Dkt. 124 at 8-9).  Plaintiffs respond that the appeal was filed at 2:47 a.m. on November 23, 2022, and that the less than three-hour delay was the result of technological difficulties. (*See* Dkt. 126 at 4-5).  Because the Court finds that the appeal fails on the merits, it need not and does not determine whether there is a basis to excuse the untimely filing.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985) (noting that the filing deadline is non-jurisdictional).

product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010).

II. **Judge McCarthy's Determination Is Neither Clearly Erroneous Nor Contrary to Law**

Plaintiffs argue that Judge McCarthy's determination that Garber's reports should be stricken in their entirety as unreliable was contrary to law. (Dkt. 122 at 9). Specifically, Plaintiffs argue that Judge McCarthy was required to expressly parse through the reports to determine whether the unreliable and reliable portions were intertwined, and that he did not do so. (*Id*. at 9-10).

As an initial matter, the Court notes that Judge McCarthy did not base his decision solely on his conclusion that Garber's reports were unreliable. Judge McCarthy also found that Garber's rebuttal report was an improper attempt to correct oversights in his opening report, and that "both the Amended and Rebuttal Reports fail to contain 'a complete statement of all opinions the witness will express and reasons for them' and 'the facts or date considered by the witness in forming them', as required by Rule 26(a)(2)(B)(i)-(ii)." (Dkt. 121 at 3-4). Plaintiffs have raised no objection to these conclusions in their appeal, nor have they suggested that these independent bases were insufficient to support Judge McCarthy's granting of the motions to strike. The Court would arguably be justified in denying Plaintiffs' appeal on this basis alone. *See Caidor v. Onondaga Cnty*., 517 F.3d 601, 605 (2d Cir. 2008) (party who fails to timely object to a magistrate judge's order on a non-dispositive matter waives right to any further review).

In any event, Plaintiffs' contention that Judge McCarthy applied an incorrect legal standard is without merit. Plaintiffs' argument relies upon *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642 (2d Cir. 2016), in which the Second Circuit explained what options a district court has "[w]hen faced with expert testimony that contains both reliable and unreliable opinions[.]" *Id*. at 665. The Second Circuit noted that, as a general rule, "district courts are not obligated to prune away all of the problematic elements of an expert's proposed testimony to save the remaining portions, however small." *Id*. (quotations omitted). However, "when the unreliable portion of an opinion can easily be distinguished from testimony that could help the jury, it may be an abuse of discretion to throw the good out with the bad." *Id*.

In this case, Judge McCarthy applied the appropriate standard—including by citing *In re Pfizer*—and concluded that the errors in Garber's analysis were so significant that they rendered the entirety of his reports unreliable and inadmissible. (*See* Dkt. 121 at 7-8). Judge McCarthy explained that Garber had committed numerous demonstrable and acknowledged errors—errors which Garber claimed were the result of "inadvertence"—thus calling into question the level of intellectual rigor he had applied in reaching his conclusions. (Dkt. 121 at 7); *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (explaining that part of a court's gatekeeping responsibility is "to make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field," and that "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable").

The quantity and magnitude of Garber's errors led Judge McCarthy to conclude that he could not be relied upon to provide useful expert testimony in this matter. (Dkt. 121 at 7-9); *see Sec. & Exch. Comm'n v. McGinnis*, No. 5:14-CV-6, 2019 WL 13172404, at *12 (D. Vt. Feb. 1, 2019) (where expert witness admitted that he had committed significant error in interpreting particular information, "the magnitude of his error" would alone be grounds to reject his opinions); *Lewis v. FMC Corp.*, 786 F. Supp. 2d 690, 699 (W.D.N.Y. 2011) (granting motion to exclude expert testimony where the moving party "[did] not address every opinion advanced by [the expert], but argue[d] that the totality of the deficiencies it identifie[d] invalidate[d] his opinions in their entirety"); *Castellow v. Chevron USA*, 97 F. Supp. 2d 780, 793 (S.D. Tex. 2000) (finding that proposed expert witness testimony did not "bear the necessary indicia of intellectual rigor" where "the mathematical errors which required multiple amendments to [the expert's] reports call into question the validity of his opinions" (citation omitted)).

In other words, Judge McCarthy concluded that the pervasive errors made by Garber were so significant—and cast such a pall on his overall reliability—that it was not appropriate to attempt to parse out any unproblematic aspects of his opinions. This is fully consistent with *In re Pfizer*, which makes it clear that whether or not to attempt to "prune away all of the problematic elements of an expert's proposed testimony to save the remaining portions," 819 F.3d at 665 (quotations omitted), is left to the district court's discretion.

Plaintiffs' argument that "Judge McCarthy's Decision and Order failed to assess whether the portion he found inadmissible, the Calculations, could be easily distinguished

- 5 -

from the other portions of the Opening and Rebuttal Reports" (Dkt. 122 at 10) misunderstands this point.  Judge McCarthy did not simply conclude that one aspect of Garber's reports was inadmissible.  He found that the pervasive, fundamental errors made by Garber rendered it impossible to conclude that Garber was applying any of his stated methodologies in a reliable fashion.  (*See* Dkt. 121 at 7-8).

Thus, while Plaintiffs have framed their argument as one concerning the appropriate legal standard, the true crux of their contention is that Judge McCarthy abused his discretion when he concluded that Garber's reports should be stricken in their entireties. (*See* Dkt 122 at 10 (arguing that Judge McCarthy "could not find [that all the opinions in the Garber reports] were intertwined because the errors identified as the basis for the inadmissibility of the Calculations were ancillary conclusions, not the predicate to [Garber's] opinions")).  The Court finds no such abuse of discretion. "To warrant admissibility . . . it is critical that an expert's analysis be reliable at every step." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002).  That includes "how the expert applies the facts and methods to the case at hand."  *Id*.  Judge McCarthy's conclusion that the pervasive and serious errors made by Garber rendered his application of the relevant methodology to the instant matter unreliable was neither clearly erroneous nor contrary to law.  Accordingly, the Court denies Plaintiffs' appeal of Judge McCarthy's Decision and Order striking the Garber reports.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiffs' appeal (Dkt. 122) of Judge McCarthy's Decision and Order (Dkt. 121) granting Defendants' motions to strike (Dkt. 82; Dkt. 91).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 11, 2023
Rochester, New York