UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY ELLEN LUTZ, LEA SHURMATZ,
KRISTIN SCHWARTZ, LINDA SPRING,
and ALEXIA CHRISTODOULIDES,
individually and as representatives of similarly
situated persons, and on behalf of the Plans,

          Plaintiffs,

       v.

KALEIDA HEALTH, et al.,

          Defendants.
_____

**DECISION AND ORDER**

1:18-CV-01112 EAW

      Pending before the Court is a joint motion to seal documents related to the motion for summary judgment filed by Defendant Kaleida Health ("Kaleida"). (Dkt. 163). Specifically, Kaleida seeks to seal ten exhibits containing third-party vendor pricing and meeting minutes from Kaleida's Retirement Planning and Investment Committees. Plaintiffs Mary Ellen Lutz, Lea Shurmatz, Kristin Schwartz, and Alexis Christodoulides ("Plaintiffs") and Kaleida also seek to jointly seal five additional exhibits containing Plaintiffs' personal account statements. The parties contend that the information contained in the documents and information sought to be sealed consists of confidential and proprietary business and personal information.

      "In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second,

- 1 -

once the Court finds that the document is a 'judicial document, the court must determine the weight of the presumption that attaches. . . . Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted). To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Documents submitted in connection with a motion for summary judgment are judicial records to which a strong presumption of access applies. *Knight v. MTA - New York City Transit*, No. 19-CV-1428 (PKC) (LB), 2024 WL 4350417, at *27 (E.D.N.Y. Sept. 30, 2024) ("Documents submitted for consideration with summary judgment motions are considered, as a matter of law, 'judicial documents to which a strong presumption of access attaches.'" (quoting *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2015 WL 7288641, at *1 (S.D.N.Y. Nov. 16, 2015))). But the Court concludes that the presumption of public access here has been overcome with respect to the subject filings.

The information contained in the materials sought to be sealed consists of confidential and proprietary business and personal information that creates a risk of competitive disadvantage or would reveal private financial information. "Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access." *Hesse v.*

*SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (exhibits that "include sensitive client information and proprietary business information, including inter alia, the company's billing rates and project pricing, as well as details of specific projects completed for several clients" should be sealed) (citing *Encyclopedia Brown Prods., Ltd. v. Home Box Office*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998)); *see also Averbach v. Cairo Amman Bank*, No. 19-CV-0004-GHW-KHP, 2023 WL 4144758, at *3 (S.D.N.Y. June 23, 2023) (noting propriety of sealing account records "particularly where such information may reveal sensitive personal financial information that could be misused if publicly released or that may cause a personal safety issue or embarrassment to the customer").[1]

The Court has reviewed the materials and finds that the information contained therein is of a confidential nature that the proposed redactions and sealing are narrowly tailored to protect the confidential information contained therein without impeding the public's ability to understand the issues before the Court on the pending motion. The sealed materials contain only a small portion of the documents supporting and opposing summary judgment.

---

[1] Although the parties note that the information is subject to a protective order entered in this case, it is well-established that "[c]onfidentiality agreements alone are not an adequate basis for sealing" and "[m]aterial designated as Confidential by a protective order 'might not overcome the presumption of public access once it becomes a judicial document.'" *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19CV10104AJNKHP, 2022 WL 2116686, at *1 (S.D.N.Y. June 13, 2022) (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)).

Accordingly, the motion to seal is granted.  The Court will arrange for the filing under seal of Kaleida's Exhibit 32 and Plaintiffs' Exhibits E; G; H; P; AB; AD; AE; AI; AL; AM; AN; AO; AP; and AR.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     October 23, 2024
           Rochester, New York