**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MARY ELLEN LUTZ, *et al.*,**<br><br>***Plaintiffs,***<br>**v.**<br><br>**KALEIDA HEALTH, *et al.*,**<br><br>***Defendants.*** | **No. 18-cv-1112 EAW** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THOMAS & SOLOMON PLLC**
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540

Of Counsel: J. Nelson Thomas
Jessica L. Lukasiewicz

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....1

FACTUAL BACKGROUND ....2

I. PROCEDURAL HISTORY ....2

II. SETTLEMENT ....3

III. OVERVIEW OF SETTLEMENT TERMS ....4

A. The Settlement Class ....4

B. Monetary Relief ....4

C. Release of Claims ....5

D. Class Notice And Settlement Administration ....5

E. Attorneys' Fees And Administrative Expenses ....6

F. Review By Independent Fiduciary ....6

G. Case Contribution Awards ....6

ARGUMENT ....7

I. STANDARD OF REVIEW ....7

II. THE SETTLEMENT MEETS THE STANDARD FOR PRELIMINARY APPROVAL ....8

A. The Class Is Adequately Represented ....9

B. The Proposed Settlement Was Negotiated At Arm's-Length ....11

C. The Settlement Provides Significant Relief To Settlement Class Members That Is Fair And Adequate Based On All Relevant Considerations ....12

1. The Costs, Risks, And Delay Of Further Litigation Were Significant.......12

2. The Proposed Method Of Distributing Relief To The Class is Effective.......13

3. The Settlement Imposes A Reasonable Limitation On Attorneys' Fees.......14

4. No Separate Agreements Bear On The Adequacy Of Relief To The Class.......15

5. The Settlement Treats Settlement Class Members Equitably.......15

III. PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL.......16

IV. THE CLASS NOTICE PLAN IS REASONABLE AND SHOULD BE APPROVED.......17

V. THE PROPOSED CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES.......18

A. The Proposed Settlement Class Satisfies Rule 23(a).......18

B. The Proposed Class Satisfies Rule 23(b)(1).......20

1. Rule 23(b)(1)(A).......21

2. Rule 23(b)1)(B).......22

CONCLUSION.......22

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ... 18

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
222 F.3d 52 (2d Cir. 2000) ... 20

*Browe v. CTC Corp.*,
2026 WL 2665589 (D. Vt. Sept. 10, 2026) ... 13

*Cates v. Trs. of Columbia Univ. in City of N.Y.*,
2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021) ... 15

*Clark v. Ecolab Inc.*,
2009 WL 6615729 (S.D.N.Y. Nov. 27, 2009) ... 7, 8

*Cleary et al. v. Kaleida Health et al.*,
No. 1:22-cv-00026 (W.D.N.Y.) ... 5

*Consol. Rail Corp. v. Town of Hyde Park*,
47 F.3d 473 (2d Cir. 1995) ... 18

*Gen. Tel. Co. of the S.W. v. Falcon*,
457 U.S. 147 (1982) ... 19

*Hochstadt v. Bos. Sci. Corp.*,
708 F. Supp. 2d 95 (D. Mass. 2010) ... 21

*In re Advanced Battery Techns., Inc. Securities Litig.*,
298 F.R.D. 171, 174 (S.D.N.Y. 2014) ... 11

*In re Excess Value Ins. Coverage Litig.*,
2004 WL 1724980 (S.D.N.Y. July 30, 2004) ... 11

*In re Glob. Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ... 14, 21

*In re GSE Bonds Antitrust Litig.*,
2019 WL 6842332 (S.D.N.Y. Dec. 16, 2019) ... 8, 9

*In re Marsh ERISA Litig.*,
265 F.R.D. 128 (S.D.N.Y. 2010) ... 18

*In re NASDAQ Market-Makers Antitrust Litig.*,
176 F.R.D. 99 (S.D.N.Y. 1997) ....................7

*In re PaineWebber Ltd. P'ships Litig.*,
171 F.R.D. 104 (S.D.N.Y. 1997), *aff'd sub nom., In re PaineWebber Inc. Ltd. P'ship Litig.*, 117 F.3d 721 (2d Cir. 1997)....................12

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
827 F.3d 223 (2d Cir. 2016)....................9

*In re Traffic Exec. Ass'n E. R.R.*,
627 F.2d 631 (2d Cir. 1980)....................7

*In re Veeco Instruments, Inc., Sec. Litig.*,
235 F.R.D. 220 (S.D.N.Y. 2006) ....................20

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
2017 WL 2062985 (S.D.N.Y. May 15, 2017) ....................19

*In re WorldCom, Inc. ERISA Litig.*,
2004 WL 2338151 (S.D.N.Y. Oct. 18, 2004)....................12

*In re WorldCom, Inc. Sec. Litig.*,
219 F.R.D. 267 (S.D.N.Y. 2003) ....................20

*Kemp-DeLisser v. Saint Francis Hosp. & Med. Ctr.*,
2016 WL 6542707 (D. Conn. Nov. 3, 2016) ....................11

*Krueger v. Ameriprise Fin., Inc.*,
304 F.R.D. 559 (D. Minn. 2014)....................21

*Lomeli v. Sec. & Inv. Co. Bahr.*,
546 Fed. App'x 37 (2d Cir. 2013)....................17

*Maywalt v. Parker & Parsley Petroleum Co.*,
67 F.3d 1072 (2d Cir. 1995)....................8

*Melito v. Am. Eagle Outfitters, Inc.*,
2017 WL 3995619 (S.D.N.Y. Sept. 11, 2017), *aff'd sub nom.*, *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85 (2d Cir. 2019)....................17

*Moreno v. Deutsche Bank Ams. Holding Corp.*,
2017 WL 3868803 (S.D.N.Y Sept. 5, 2017)....................19, 20, 22

*Moreno v. Deutsche Bank Ams. Holding Corp.*,
No. 1:15-cv-09936, ECF No. 335 (S.D.N.Y. Oct. 9, 2018)....................4

*Phillips Petrol. Co. v. Shutts*,
472 U.S. 797 (1985) .......... 17

*Robinson v. Metro-N. Commuter R.R.*,
267 F.3d 147 (2d Cir. 2001) .......... 19

*Sacerdote v. N.Y. Univ.*,
328 F. Supp. 3d 273 (S.D.N.Y. 2018), *aff'd in part, vacated in part*, 9 F.4th 95 (2d Cir. 2021) .......... 13

*Shanehchian v. Macy's, Inc.*,
2011 WL 883659 (S.D. Ohio Mar. 10, 2011) .......... 21, 22

*Singh v. Cap. One Fin. Corp.*,
2026 WL 1893733 (S.D.N.Y. July 1, 2026) .......... 4

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) .......... 18

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005) .......... 8, 11

**STATUTES**

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) .......... 5

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .......... 21

**RULES**

Fed. R. Civ. P. 23 .......... *passim*

Fed. R. Civ. P. 23, Advisory Committee Note (1966) .......... 22

**REGULATIONS**

Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632, *as amended*, 75 Fed. Reg. 33,830 .......... 6

**OTHER AUTHORITIES**

Restatement (Third) of Trusts, § 100 Comment b(1) .......... 13

## PRELIMINARY STATEMENT

Plaintiffs Mary Ellen Lutz, Lea Shurmatz, Kristin Schwartz, Linda Spring, and Alexia Christodoulides ("Named Plaintiffs") instituted an action against Defendants Kaleida Health ("Kaleida"), the Board of Directors of Kaleida, the Kaleida Health Retirement Plan Committee, the Kaleida Health Investment Committee, Nicholas J. Aquino, Matthew L. Brown, Lorrie A. Clemo, Amy L. Clifton, Garry M. Crosby, Frank Curci, Evan Evans, Kevin Gibbons, Christopher T. Greene, Kathleen T. Grimm, Robert Halonen, James R. Kaskie, Darren J. King, John R. Koelmel, Jody L. Lomeo, William J. Maggio, Jr., George E. Matthews, Brenda L. McGee, David A. Milling, Herman S. Mogavero, Jr., Paul O'Leary, Christopher Ross, Mary Lou Rusin, Dale N. Schumacher, Francisco M. Vasquez, Peter Winkelstein, Robert M. Zak, and Susan Vallance (collectively, "Defendants") (with Named Plaintiffs, "Parties") relating to the management of the Kaleida Health Savings/Investment 401(k) and 403(b) Plans ("Plans").[1]

The Court should preliminarily approve the proposed Settlement reached by the Parties. Under the terms of the proposed Settlement, Kaleida will pay the Settlement Amount of $800,000 into the Plans' accounts and to the Settlement Administrator for the Settlement Class's benefit. This is a significant recovery for the Class, and it falls well within the range of negotiated settlements in similar ERISA cases. For the reasons set forth below, the Settlement is fair, reasonable, and adequate, and it merits preliminary approval so that notice may be sent to the Settlement Class. Among other things supporting preliminary approval:

- The Settlement was negotiated at arm's length by experienced counsel;

[1] A copy of the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") is attached as Exhibit A to the Affirmation of J. Nelson Thomas sworn to October 30, 2026 ("Thomas Aff."). Unless otherwise specified herein, all capitalized terms have the meaning assigned to them in Section 1 of the Settlement Agreement.

- The Settlement provides for significant monetary relief and an equitable method of distribution;

- The Settlement provides for automatic distribution of the Settlement proceeds to the Plan accounts of Participants With Active Plan Accounts, and Participants Without Active Plan Accounts will receive their distribution by check;

- The release is appropriately tailored to the claims that were asserted in the action;

- The proposed Settlement Class is consistent with the requirements of Rule 23;

- The proposed Class Notice provides fulsome information to Settlement Class members about the Settlement, and includes information on a toll-free phone line and a website where they can access additional information and submit any questions; and

- The Settlement provides Settlement Class members the opportunity to raise any objections they may have to the Settlement and to appear at the Fairness Hearing.

Accordingly, the Parties respectfully request that the Court enter an order: (1) preliminarily approving the Settlement; (2) approving the proposed Class Notice and authorizing distribution of the Class Notice to the Settlement Class; (3) certifying the proposed Settlement Class; (4) scheduling a Fairness Hearing on a date no sooner than one-hundred-one (101) calendar days after the date of the Preliminary Approval Order, and (5) entering the accompanying Preliminarily Approval Order. Although Defendants dispute the Named Plaintiffs' allegations and deny any and all liability for any alleged violations of ERISA or any other law, they do not oppose the relief sought in this motion.

## FACTUAL BACKGROUND

### I. PROCEDURAL HISTORY

On October 11, 2018, Plaintiffs Mary Ellen Lutz, Lea Shurmatz, Kristin Schwartz and Linda Spring filed a Complaint in the Western District of New York alleging that Defendants breached their ERISA fiduciary duties by, among other things, causing the Plans to incur excessive recordkeeping fees. ECF No. 1. On February 4, 2019, the operative Amended

Complaint was filed ECF No. 14, adding Alexia Christodoulides as an additional Plaintiff. The Amended Complaint asserted losses to the 403(b) and 401(k) Plans and to participants' retirement savings, as well as injunctive and other equitable relief. Defendants moved to dismiss the Amended Complaint on March 11, 2019, and the Court denied that motion on August 5, 2019. ECF No. 14. Following extensive discovery, including the exchange of written discovery responses (including supplemental requests), significant document exchanges, third-party subpoenas, completion of approximately twenty depositions, including of the Named Plaintiffs, and expert discovery, Defendants moved for summary judgment on June 7, 2024, and that motion was fully briefed on October 1, 2024, and submitted on October 30, 2024. ECF Nos. 165-170; *see* Thomas Aff. ¶ 3. On March 30, 2026, the Court granted in part, and denied in part, Defendants' motion for summary judgment. ECF No. 176.

## II. SETTLEMENT

After two separate mediations completed during the course of the litigation by experienced mediators, the Parties continued extensive arm's-length negotiations, reaching a settlement-in-principle and prepared the comprehensive Settlement Agreement that is the subject of this motion. *Id.* ¶ 4. The Parties are of the opinion that the Settlement Agreement is fair, reasonable and adequate. *Id.* ¶ 5. In reaching an agreement, Plaintiffs' Counsel has analyzed and evaluated the merits of the claims made against Defendants in the litigation and the impact of the Settlement Agreement on the Named Plaintiffs and Settlement Class. *Id.* ¶ 6. Specifically, Plaintiffs' Counsel has considered factors such as substantial risks of continued litigation and the possibility that the case, if not settled now, might result in a recovery (or adverse judgment) several years from now that is less favorable to the Named Plaintiffs and the Class Members than that offered by the Settlement Agreement. *Id.* ¶ 7. In light of such considerations, Plaintiffs'

Counsel is satisfied that the terms and conditions of the Settlement are fair, reasonable and adequate and that the Settlement is in the best interests of the Named Plaintiffs and Class Members. *Id.* ¶ 8.

## III. OVERVIEW OF SETTLEMENT TERMS

### A. The Settlement Class

The Settlement applies to a Settlement Class consisting of "All participants and beneficiaries of the Plans at any time on or after October 11, 2012 through the date on which the Settlement becomes Final. Thomas Aff. Ex. A (Settlement Agreement) ¶ 1.36. This Settlement Class is consistent with certified classes in several similar ERISA suits.[2] Based on the information provided by the Plans' recordkeeper, there are more than 12,000 Settlement Class members. Thomas Aff. ¶ 9.

### B. Monetary Relief

Under the Settlement, Defendants agree to pay a Settlement Amount of $800,000. Thomas Aff. Ex. A ¶ 1.35. After accounting forSettlement Administration Expenses, Case Contribution Expenses up to $7,500 for each Named Plaintiff, and fees and expenses payable to the Independent Fiduciary, the resulting Net Settlement Amount will be distributed to eligible Settlement Class members in accordance with the proposed Plan of Allocation. *Id.* ¶¶ 1.19, 9.3, 11.2.

---

[2] *See, e.g.*, *Moreno v. Deutsche Bank Ams. Holding Corp.*, No. 15 Civ. 9936, 2017 WL 3868803, at *11 (S.D.N.Y Sept. 5, 2017) ("*Moreno I*") (approving class comprised of participants and beneficiaries of challenged plan after set date whose accounts suffered losses as result of challenged conduct); *see also Moreno v. Deutsche Bank Ams. Holding Corp.*, No. 1:15-cv-09936, ECF No. 335 at ¶ 3 (S.D.N.Y. Oct. 9, 2018) ("*Moreno II*") (certifying similar class for settlement purposes); *Singh v. Cap. One Fin. Corp.*, No. 24-CV-08538, 2026 WL 1893733, at *1 (S.D.N.Y. July 1, 2026) (approving class of all persons who participated in plan at any time during class period).

The Plan of Allocation provides for the distribution of the Net Settlement Amount to Settlement Class members in proportion to each Settlement Class member's share of the injuries alleged in this matter. Thomas Aff. Ex. B (Plan of Allocation).

**C. Release Of Claims**

In exchange for the relief provided by the Settlement, the Named Plaintiffs, the Plans and the Settlement Class will release Defendants and affiliated persons and entities ("Releasees") from those claims contemplated in the Settlement Agreement ("Released Claims"). Thomas Aff. Ex. A ¶¶ 1.3, 1.29, 1.30. The Released Claims do not include claims to enforce the Settlement Agreement, claims for individual denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), that do not fall within Section 1.29 of the Settlement Agreement, claims that have been asserted in *Cleary et al. v. Kaleida Health et al.*, Case No. 1:22-cv-00026 (W.D.N.Y.), or that could have been asserted in the *Cleary* matter pursuant to Federal Rule of Civil Procedure 15, or claims arising exclusively from conduct after the Final Approval Order becomes Final. *Id.* ¶ 1.3.

**D. Class Notice and Settlement Administration**

Settlement Class members will receive notice of the Settlement via email and/or by first class mail. Thomas Aff. Ex. A ¶ 3.2.3; Ex. C (Proposed Class Notice). The Class Notice provides information to the Settlement Class regarding, among other things: (1) the nature of the claims; (2) the scope of the Settlement Class; (3) the terms of the Settlement; (4) Settlement Class members' right to object to the Settlement and the deadline(s) for doing so; (5) the Released Claims; (6) the identity of Class Counsel and the amount of compensation they will seek in connection with the Settlement; (7) the amount of the proposed Case Contribution Awards to

Named Plaintiffs; (8) the date, time, and location of the Fairness Hearing; and (9) Settlement Class members' right to appear at the Fairness Hearing and object. *Id.* Ex. C.

To the extent that Settlement Class members would like more information, the Settlement Administrator will establish a Settlement Website on which it will post the Settlement Agreement, Class Notice, Plan of Allocation, and relevant case documents, including the Amended Complaint and a copy of all documents filed with the Court in connection with the Settlement. *Id.* Ex. A ¶¶ 1.37, 3.2.4. The Settlement Administrator will also establish a toll-free telephone line that will provide the option of speaking with the Settlement Administrator if callers have questions. *Id.* ¶ 1.37.

### E. Attorneys' Fees and Expenses

The Settlement requires that Class Counsel file their Motion for Attorneys' Fees and Expenses at least fourteen days before the deadline for objections to the proposed Settlement. *Id.* ¶ 11.1. Under the Settlement, Plaintiffs' Counsel is petitioning fees and expenses in the amount of $1,800,000.00, which was an amount separately negotiated by Plaintiffs' Counsel, meaning if this amount was reduced for any reason, it does not impact the Settlement Class' recovery. *Id.* ¶¶ 1.13, 11.1.

### F. Review By Independent Fiduciary

Defendants will retain an Independent Fiduciary to review and authorize the Settlement on behalf of the Plans. *Id.* ¶ 3.4; *see also* Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632, *as amended*, 75 Fed. Reg. 33,830. The Independent Fiduciary will issue its report at least 21 days prior to the deadline for filing the Final Approval Motion, so it may be considered by the Court. Thomas Aff. Ex. A ¶ 3.4.

### G. Case Contribution Awards

Plaintiffs' Counsel intends to seek the Court's approval of a Case Contribution Award in the amount of $7,500 for each of the Named Plaintiff. *Id.* ¶¶ 1.4, 11.2. The Case Contribution Award reflects the work the class representative has performed in assisting Plaintiffs' Counsel with this litigation, including numerous telephonic conferences with Plaintiffs' Counsel, assisting with drafting the Complaint and Amended Complaint, responding to discovery requests, preparing for and sitting for a deposition, and assistance with the settlement negotiations which ultimately required them to be available for the two separate mediations, and the work he will continue to perform through the approval process of the Settlement. Thomas Aff. ¶ 10. The Named Plaintiffs represented the Settlement Class throughout the litigation, have the same claims as the Settlement Class and/or were named in the complaints, and have no known conflicts with any class members. *Id.* ¶ 11.

## ARGUMENT

### I. STANDARD OF REVIEW

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any settlement agreement that will bind absent class members through a two-step process. *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). In the first step, the court considers whether the settlement warrants preliminary approval, such that notice of the settlement may be sent to the class members.[3] In the second step, after class members have

[3] A motion for preliminary approval involves only an "initial evaluation" of the fairness of the proposed settlement. *Clark v. Ecolab Inc.*, No. 07 Civ. 8623 (PAC), 04 Civ. 4488 (PAC), 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (quoting 4 NEWBERG ON CLASS ACTIONS § 11:25 (4th ed. 2002)). To grant preliminary approval, the Court need only find that there is "probable cause" to submit the settlement to class members and hold a hearing as to its fairness. *In re Traffic Exec. Ass'n E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980).

received notice and have had an opportunity to be heard, the court considers whether the settlement warrants final court approval. *Id*.

The decision whether to approve a proposed class action settlement is a matter of judicial discretion. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995) (reviewing the district court's approval of a settlement for an abuse of discretion). But there is a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quotation omitted). As a result, "courts should give proper deference to the private consensual decision of the parties . . . [and] should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation." *Clark*, 2009 WL 6615729, at *3 (quotations omitted).

Under Rule 23(e)(1), courts are authorized to grant preliminary approval of a proposed settlement as long as the court will "likely be able to" grant final approval of the settlement and certify the class for purposes of settlement. Fed. R. Civ. P. 23(e)(1)(B); *In re GSE Bonds Antitrust Litig.*, No. 19-CV-1704, 2019 WL 6842332, at *1 (S.D.N.Y. Dec. 16, 2019). As explained below, this standard is satisfied here.

## II. THE SETTLEMENT MEETS THE STANDARD FOR PRELIMINARY APPROVAL.

In approving a settlement under Rule 23(e)(2), the Court must find "that it is fair, reasonable and adequate." *see also In re GSE Bonds*, 2019 WL 6842332, at *1. In particular, the Rule requires this Court to consider four factors: (1) adequacy of representation; (2) existence of arm's-length negotiations; (3) adequacy of relief; and (4) equitableness of treatment of class members. Fed. R. Civ. P. 23(e)(2); *see also In re GSE Bonds*, 2019 WL 6842332, at *1 (explaining that new Rule 23 factors "supplement rather than displace" the factors previously applied in this circuit). All of the relevant factors support preliminary approval of the Settlement.

**A. The Class Is Adequately Represented.**

"Rule 23(e)(2)(A) requires a Court to find that 'the class representatives and class counsel have adequately represented the class' before preliminarily approving a settlement." *In re GSE Bonds*, 2019 WL 6842332, at *2 (quoting Fed. R. Civ. P. 23(e)(2)(A)).

This adequacy standard is satisfied here. The Named Plaintiffs have adequately represented the Settlement Class. Each of the Named Plaintiffs are aware of their duties as class representatives, and each has sought to fulfill those duties throughout the course of this case, including as detailed above, assisting with drafting the Complaint and Amended Complaint, responding to discovery requests, preparing for and sitting for a deposition, and assistance with the settlement negotiations which ultimately required them to be available for the two separate mediations, and the work he will continue to perform through the approval process of the Settlement. Thomas Aff. ¶ 10. The Named Plaintiffs represented the Settlement Class throughout the litigation, have the same claims as the Settlement Class and/or were named in the complaints, and are not aware of any conflicts between themselves and any other class members. *Id.* ¶ 11. Thus, the Named Plaintiffs are adequate class representatives, who have diligently pursued this action on behalf of the Class. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 231 (2d Cir. 2016) (Representation is "adequate" where the class representatives have (1) "an interest in vigorously pursuing the claims of the class" and (2) "no interests antagonistic to the interests of the other class members.").

Additionally, Thomas & Solomon PLLC ("TS") is qualified and able to litigate the ERISA claims in this matter. *Id.* ¶¶ 12-24. TS has over two decades concentrating its work on representing class litigants in complex actions including nationwide class and collective actions, including cases with over 100,000 class members. *Id.* ¶ 13. In just class action cases, Plaintiffs'

Counsel has recovered over $100 million for class members. *Id.* Plaintiffs' Counsel had done substantial work identifying, investigating, prosecuting, and settling the claims as lead counsel in many complex class actions. *Id.* ¶ 14. Plaintiffs' Counsel will similarly continue to adequately protect the interest of the proposed Class. *Id.* ¶ 15. The lawyers at TS are seasoned litigators who are experienced in employment issues, including ERISA, with considerable experience in prosecuting class actions and other complex litigation and therefore competent and capable of conducting this litigation. *Id.* ¶ 16. TS has devoted the majority of its practice to representing and protecting the rights of individuals against large institutions through complex and class litigation within a variety of contexts. *Id.* ¶ 17.

For example, founding partner, J. Nelson Thomas has represented clients on both sides of litigation, having previously worked as an associate with the national law firm of Nixon Peabody. *Id.* ¶ 18. He is also an arbitrator with the American Arbitration Association and a certified federal court mediator with the U.S. District Court for the Western District of New York. *Id.* ¶ 20. Mr. Thomas is a featured national speaker and author and regularly leads panel discussions with judges and other lawyers on these issues at continuing education events. *Id.* ¶ 21. Mr. Thomas has litigated class and collective action lawsuits for more than twenty years. *Id.* ¶ 24. Further, partner Jessica Lukasiewicz has also litigated class and collective action lawsuits for more than eighteen years at TS. *Id.* ¶ 25; *see also id.* ¶ 26.

TS is also highly knowledgeable regarding ERISA litigation. *Id.* ¶ 28. TS has also devoted significant resources to extensively researching and analyzing the relevant claims and case law. *See id.* at ¶ 29. Moreover, Plaintiffs' Counsel has diligently investigated, prosecuted, and dedicated substantial resources to the claims in this action and will continue to do so

throughout its pendency. *Id.* ¶ 30.[4]

Given this, the adequacy requirement is satisfied.

### B. The Proposed Settlement Was Negotiated at Arm's-Length.

The second factor examines whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). Courts have routinely found that arm's-length negotiations are the most important factor in preliminarily approving a class action settlement. *See In re Advanced Battery Techns., Inc. Securities Litig.,* 298 F.R.D. 171, 174 (S.D.N.Y. 2014). A class action settlement "will enjoy a presumption of fairness" where the settlement "is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation[.]" *In re Excess Value Ins. Coverage Litig.*, 2004 WL 1724980, at *10 (S.D.N.Y. July 30, 2004) (quotation omitted); *see also In re Advanced Battery Techns., Inc. Securities Litig.,* 298 F.R.D. at 174 ("[a]bsent fraud or collusion, courts should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement.")(internal citation omitted); *Wal-Mart*, 396 F.3d at 116. The Court should also consider "the stage of the proceedings and the amount of discovery completed." *Kemp-DeLisser v. Saint Francis Hosp. & Med. Ctr.*, 2016 WL 6542707, at *8 (D. Conn. Nov. 3, 2016) (quotation omitted).

Here, there is no question that the Parties' negotiations were arm's length as demonstration by two separate mediations, and years of continued negotiations. Further, Plaintiffs' Counsel and Defense Counsel (Hodgson Russ LLP and Proskauer Rose LLP) are knowledgeable and experienced in complex ERISA class actions such as this. Thomas Aff. ¶¶ 28-30. By the time the Parties reached the Settlement Agreement in this case: (1) Plaintiffs' Counsel undertook an extensive investigation of the factual and legal bases for the Named Plaintiffs' claims prior to commencing this action; (2) the Parties' legal positions were staked out in

[4] TS has the financial resources available to adequately represent the Class. Thomas Aff. ¶ 31.

connection with the motion to dismiss and the motion for summary judgment; (3) Plaintiffs' Counsel had the necessary experience and qualifications to evaluate the Parties' legal positions leading up to and throughout the settlement negotiation process; and (4) the Parties engaged in and completed the discovery process, including exchanging written discovery, document productions, completed approximately twenty depositions, and then completed expert discovery. Thomas Aff. ¶¶ 32. Accordingly, this factor also weighs in favor of preliminary approval of the Settlement.

**C. The Settlement Provides Significant Relief to Settlement Class Members that is Fair and Adequate Based on all Relevant Considerations.**

Third, Rule 23(e)(2)(C) weighs in favor of preliminary approval of the Settlement because the relief provided for the class is adequate—indeed, substantial. This factor considers numerous factors bearing on whether the relief afforded under a Settlement is reasonable, including: (1) "the costs, risks, and delay of trial and appeal;" (2) "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;" (3) "the terms of any proposed award of attorney's fees, including timing of payment;" and (4) "any agreement required to be identified under Rule 23(e)(3)."Fed. R. Civ. P. 23(e)(2)(C). These factors are discussed below.

**1. The Costs, Risks, and Delay of Further Litigation were Significant.**

In the absence of a settlement, the case would be complex, expensive, and any relief obtained on behalf of the Class would be years removed. Further, Named Plaintiffs would have faced potential litigation risks. *See In re WorldCom, Inc. ERISA Litig.*, No. 02 Civ. 4816, 2004 WL 2338151, at *6 (S.D.N.Y. Oct. 18, 2004) (noting "general risk inherent in litigating complex claims such as these to their conclusion."); *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997) ("Litigation inherently involves risks."), *aff'd sub nom., In re*

*PaineWebber Inc. Ltd. P'ship Litig.*, 117 F.3d 721 (2d Cir. 1997). More specifically, while Plaintiffs are confident in their claims, there is also a risk of not prevailing at trial. *See*, *e.g.*, *Sacerdote v. N.Y. Univ.*, 328 F. Supp. 3d 273 (S.D.N.Y. 2018), *aff'd in part, vacated in part*, 9 F.4th 95 (2d Cir. 2021). And even if the Named Plaintiffs prevailed on liability, issues regarding proof of loss would have remained. *See* Restatement (Third) of Trusts, § 100 cmt. b(1) (noting difficulty of determining of losses for breaches of fiduciary duty); *Sacerdote*, 328 F. Supp. 3d at 280 (finding that "while there were deficiencies in the Committee's [fiduciary] processes" plaintiffs failed to prove resulting loss to plans).

There is also no doubt that continuing this litigation would have resulted in complex and costly appellate proceedings, and would have delayed any relief to the Settlement Class. *See*, *e.g.*, *Browe v. CTC Corp.*, No. 2:15-cv-00267, 2026 WL 2665589, at *11 (D. Vt. Sept. 10, 2026) ("This case has involved over ten years of vigorous and at times unnecessarily contentious litigation, two appeals, and complex and novel issues . . . .").

Accordingly, this subfactor weighs in favor of preliminary approval.

**2. The Proposed Method of Distributing Relief to the Class is Effective.**

The proposed method for distributing the Settlement proceeds is fair and reasonable. Participants With Active Plan Accounts will have their Plan accounts automatically credited with their *pro rata* share of the Settlement, and Participants Without Active Plan Accounts will receive a check with their share of the Settlement. Thomas Aff. Ex. A ¶ 8.1.1. For Participants Without Active Plan Accounts whose *pro rata* share is calculated by the Settlement Administrator to be less than $5.00, their *pro rata* share shall be zero and reallocated on a per capita basis to Participants With Active Plan Accounts and Participants Without Active Plan Accounts who have a Preliminary Individual Dollar Recovery of $5.00 or more. *Id.* Ex. B § 1.3;

*see In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004) (finding de minimis threshold of $10 reasonable "in order to preserve the settlement fund from excessive and unnecessary expenses in the overall interests of the class as a whole"). Any uncashed checks will revert to the Plans' Accounts for distribution to Participants With Active Plan Accounts who remain in the Plans. Thomas Aff. Ex. B §§ 2.13, 2.14. No monies will revert to Defendants, and this method of distribution is both effective and efficient. Accordingly, this subfactor weighs in favor of preliminary approval.

#### 3. The Settlement Imposes A Reasonable Limitation On Attorneys' Fees.

Plaintiffs' Counsel was required to undertake significant legal work on behalf of the Settlement Class throughout the last eight years, including investigating the claims, communicating with Named Plaintiffs and class members, drafting the Complaint and Amended Complaint, conducting legal research on the pertinent legal issues involved in this case, including the evolving caselaw on the relevant legal issues, drafting and responding to written discovery, reviewing document productions, preparing third-party subpoenas, taking and defending approximately twenty depositions, engaging in motion practice, including on a motion to dismiss and summary judgment, and completing expert discovery, as well as participating in two mediations, and additional settlement discussions, then preparing and filing the Settlement related motion papers and supporting documents. Thomas Aff. ¶ 33.

Ultimately, Plaintiffs' Counsel negotiated their attorneys' fees and expenses separate and apart from recovery for the Settlement Class. This means if the fees and expense request was not granted, it would result in no additional recovery for the Settlement Class. Further, Plaintiffs' Counsel has also taken a significant loss in settling this case, but believes this is best for the Settlement Class. *Id.* ¶¶ 1.13, 1.19, 1.34. The ultimate amount to be awarded is reserved to the

Court's discretion. *Id.* Ex. A ¶¶ 1.13, 11.1. The Parties have agreed that the attorney's fees amount will be awarded separately from the Settlement Amount and thus will not be deducted from the Settlement Amount, as is the case in many other settlements. *See*, *e.g.*, *Cates v. Trs. of Columbia Univ. in City of N.Y.*, No. 16-cv-06524, 2021 WL 4847890, at *7 (S.D.N.Y. Oct. 18, 2021) (noting Second Circuit courts "routinely approve fee awards of one-third of the common fund") (collecting cases).

Thus, this subfactor weighs in favor of preliminary approval.

#### 4. No Separate Agreements Bear on the Adequacy of Relief to the Class.

The Court must also evaluate any agreements made in connection with a proposed settlement. Fed. R. Civ. P. 23(e)(2)(C)(iv). As the Settlement Agreement states, it "contains the entire agreement among the Parties relating to this Settlement" and "specifically supersedes any settlement terms or settlement agreements relating to Defendants that were previously agreed upon orally or in writing by any of the Parties." Thomas Aff. Ex. A ¶ 13.11. Accordingly, there are no separate agreements bearing on the adequacy of relief to the Settlement Class, and this subfactor weighs in favor of preliminary approval.

#### 5. The Settlement Treats Settlement Class Members Equitably.

Finally, Rule 23(e)(2)(D) weighs in favor of preliminary approval of the Settlement because the proposed Settlement treats Class Members equitably relative to each other. This factor concerns "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), Advisory Committee Notes.

Here, under the proposed Plan of Allocation, each Settlement Class member will receive a *pro rata* share of the Net Settlement Amount that is based on their proportionate share of total revenue sharing. Thomas Aff. Ex. B § 1.2. The same allocation formula is used to calculate the Final Individual Dollar Recovery for all eligible Settlement Class members (both Participants With Active Plan Accounts and eligible Participants Without Active Plan Accounts). *Id.* Ex. A ¶ 9.3; Ex. B § 1.2. Moreover, the allocation formula is carefully tailored to the claims that were asserted in the case. *Id.* This subfactor further supports approval of the Settlement.

## III. PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL.

"[A] court that certifies a class must appoint class counsel. . . [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1) and 23(g)(1)(B). In particular, the Court must consider the following qualities of counsel: (1) their work in identifying or investigating potential claims; (2) their experience in handling class actions or complex litigation and the types of claims asserted in the case; (3) their knowledge of applicable law; and (4) the resources they have to commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv). Here, as discussed in more detail in Section II(A), TS should be appointed Class Counsel. First, as discussed above in more detail, TS has experience in class action litigation generally, as well as in ERISA cases. Thomas Aff. ¶¶ 12-30. TS has devoted significant resources to the research and analyzing of ERISA claims and evolving case law in this area of the law. *Id.* ¶ 29. Second, TS's attorneys have devoted the majority of its practice to representing and protecting the rights of individuals, often through complex and class litigation. *Id.* ¶ 17. Indeed, Plaintiffs' Counsel's innovative and complex theories of the claims in this action, ultimately led to the Settlement. *Id.* ¶ 28. Third, TS is knowledgeable regarding ERISA litigation and has or is currently pursuing other ERISA class actions. *Id.* ¶ 16. Fourth, TS is committed to litigating this case to its conclusion and will dedicate the necessary resources. Accordingly,

Plaintiffs respectfully request that the Court appoint TS as Class Counsel.

## IV. THE CLASS NOTICE PLAN IS REASONABLE AND SHOULD BE APPROVED.

The Court must ensure that notice is sent in a reasonable manner to all Settlement Class members who would be bound by the settlement. Fed. R. Civ. P. 23(e)(1). Appropriate notice to the class includes individual notices to all class members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(A). That is precisely the type of notice proposed here. The Settlement Agreement provides that the Settlement Administrator will provide notice of the Settlement to the Settlement Class by sending the notice to their last known email address or mailing to their last known address. Thomas Aff. Ex. A ¶ 3.2.3. This type of notice is reasonable. *See Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Melito v. Am. Eagle Outfitters, Inc.*, 2017 WL 3995619, at *15 (S.D.N.Y. Sept. 11, 2017) (finding reasonable and adequate class notices sent via email), *aff'd sub nom.*, *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85 (2d Cir. 2019).

The content of the Class Notice is also reasonable. Thomas Aff., Ex. C. The Class Notice includes all relevant information and "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Lomeli v. Sec. & Inv. Co. Bahr.*, 546 Fed. App'x 37, 41 (2d Cir. 2013) (quotation omitted). The Class Notice will also be supplemented through the Settlement Website and telephone support line to be established by the Settlement Administrator. Thomas Aff. Ex. A ¶ 1.37.

Defendants also agree to provide notice to the Class and to governmental entities required under the Class Action Fairness Act. *Id.* ¶ 3.5.

## V. THE PROPOSED CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES.

In addition to approving the Settlement and authorizing distribution of the Class Notice, this Court should certify the Settlement Class for settlement purposes. To certify the class, the Named Plaintiffs must satisfy the requirements of Rule 23(a) and meet one of the prerequisites of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345-46 (2011). In the context of settlement, however, the Court need not inquire whether a trial of the action would be manageable on a class-wide basis because "the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). And "ERISA breach of fiduciary duty claims are particularly appropriate for class certification" under Rule 23 because these claims are "brought in a representative capacity on behalf of the plan as a whole." *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 142 (S.D.N.Y. 2010) (quotation omitted). Because all the requirements of Rule 23(a) and 23(b)(1) are met, the Settlement Class should be certified.

### A. The Proposed Settlement Class Satisfies Rule 23(a).

Rule 23(a) of the Federal Rules of Civil Procedure sets forth four requirements applicable to all class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem*, 521 U.S. at 613. Each of these requirements is met here for settlement purposes.

**Numerosity.** Numerosity requires that the number of persons in the proposed class is so numerous that joinder of all class members would be impracticable. Fed. R. Civ. P. 23(a)(1). This standard is clearly met for the Settlement Class, which includes more than 12,000 Settlement Class members. This far exceeds the threshold for numerosity. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members[.]").

**Commonality.** Commonality requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This does not mean that all class members must make identical claims and arguments, but only that "plaintiffs' grievances share a common question of law or of fact." *Robinson v. Metro-N. Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Moreno I*, 2017 WL 3868803, at *4 (quoting *Johnson v. Nextel Commc'ns. Inc.*, 780 F.3d 128, 137 (2d Cir. 2015)).

"Typically, the question of defendants' liability for ERISA violations is common to all class members because a breach of fiduciary duty affects all participants and beneficiaries." *Id.* (quoting *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12-cv-2548, 2017 WL 1273963, at *7 (S.D.N.Y. Mar. 31, 2017)). This case is no exception. This lawsuit raises numerous common questions, including: (1) whether Defendants are Plan fiduciaries; (2) whether Defendants breached their fiduciary duties by selecting and retaining the challenged funds; (3) the proper form of equitable and injunctive relief; and (4) the proper calculation of monetary relief. Accordingly, commonality is satisfied.

**Typicality.** The typicality requirement "tend[s] to merge" with the commonality requirement. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *see also In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15cv-1249, 2017 WL 2062985, at *3 (S.D.N.Y. May 15, 2017) ("The typicality requirement overlaps with that of commonality."). Typicality is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Moreno I*, 2017 WL 3868803, at *7 (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009)). This does not require that the situation of the named representative and class

members be identical. *In re Veeco Instruments, Inc., Sec. Litig.*, 235 F.R.D. 220, 238 (S.D.N.Y. 2006). Rather, it is sufficient that "the disputed issue of law or fact occup[ies] essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 280 (S.D.N.Y. 2003) (quotation omitted).

Here, the Named Plaintiffs' claims are consistent with those of other Settlement Class members who are participants in the Plan as they arise from the same alleged conduct related to revenue sharing payments and/or were named in the complaints. Thomas Aff. ¶ 11. The Named Plaintiffs do not have any unique claims against Defendants beyond those shared with the Settlement Class. *Id.* Therefore, their claims are typical of the Settlement Class. *See Moreno I*, 2017 WL 3868803, at *7 (finding class representatives' claims regarding investment in proprietary mutual funds typical of class).

**Adequacy.** Fed. R. Civ. P. 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." To satisfy this requirement: (1) class counsel must be qualified, experienced, and generally able to conduct the litigation; and (2) the representative plaintiffs' interests must not be antagonistic to those of the class. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Both requirements are met for the reasons discussed above.

### B. The Proposed Class Satisfies Rule 23(b)(1).

In addition to meeting the requirements of Rule 23(a), the proposed Class also satisfies Rule 23(b)(1). Under Rule 23(b)(1), a class may be certified if prosecution of separate actions by individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1). Here, the proposed Settlement Class satisfies both prongs. *See*, *e.g.*, *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 576-78 (D. Minn. 2014) ("*Krueger I*") (certifying class under both prongs). "Because of ERISA's distinctive representative capacity and remedial provisions, ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class." *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. at 453 (quotation omitted).[5]

**1. Rule 23(b)(1)(A)**

Certification of the class under Rule 23(b)(1)(A) is proper because prosecution of individual actions would create incompatible standards of conduct for Defendants. The fiduciary duties imposed by ERISA are "duties with respect to a plan" that are intended to protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104(a)(1). Accordingly, "separate lawsuits by various individual Plan participants to vindicate the rights of the Plan could establish incompatible standards to govern Defendants' conduct, such as . . . determinations of differing 'prudent alternatives' against which to measure the proprietary investments, or an order that Defendants be removed as fiduciaries." *Krueger I*, 304 F.R.D. at 577; *see also Shanehchian v. Macy's, Inc.*, No. 07-CV-00828, 2011 WL 883659, at *9 (S.D. Ohio Mar. 10, 2011) ("If liability is found in one court but not in another, Defendants would be

---

5 *See also Hochstadt v. Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 105 (D. Mass. 2010) ("[I]n light of the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held.") (quotation omitted)).

left in limbo, having been vindicated with respect to their duties to the Plans in one court but subject to judgment that would vitiate that vindication in another, thus making compliance impossible.").

**2. Rule 23(b)(1)(B)**

Likewise, because an adjudication on behalf of one participant of the Plan would effectively be dispositive of the claims of the other Settlement Class members, class certification is also appropriate under Rule 23(b)(1)(B). *See Moreno I*, 2017 WL 3868803, at *8. The Advisory Committee Notes to Rule 23 expressly recognize that class certification is appropriate under Rule 23(b)(1)(B) in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed. R. Civ. P. 23, Advisory Committee Note (1966). "This case falls squarely within the meaning articulated by the Advisory Committee as Plaintiffs allege breaches of fiduciary duties affecting the Plans and the thousands of participants in the Plans." *Shanehchian*, 2011 WL 883659, at *10.

**CONCLUSION**

For the foregoing reasons, the Named Plaintiffs respectfully request that the Court (1) preliminarily approve the Parties' Class Action Settlement Agreement; (2) approve the proposed Class Notice and authorize distribution of the Class Notice to the proposed Settlement Class; (3) preliminarily certify the Settlement Class for settlement purposes; (4) schedule a Fairness Hearing on a date no sooner than one-hundred-one (101) calendar days after the date of the Preliminary Approval Order; and (5) enter the accompanying Preliminarily Approval Order.

Dated: October 30, 2026

Respectfully Submitted,

**THOMAS & SOLOMON PLLC**

By: s/ J. Nelson Thomas
J. Nelson Thomas, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com