**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MARY ELLEN LUTZ, *et al.*,**

***Plaintiffs,***

**v.**

**KALEIDA HEALTH, *et al.*,**

***Defendants.***

**No. 18-cv-1112 EAW**

**AFFIRMATION OF J. NELSON THOMAS**

**Nelson Thomas,** being duly sworn, deposes and says:

1. I am a partner with the law firm of Thomas & Solomon PLLC, counsel for Plaintiffs in the above-captioned action.

2. I am fully familiar with the facts and circumstances surrounding this matter, and I submit this affirmation in support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement.

**PROCEDURAL BACKGROUND**

3. Following extensive discovery, including the exchange of written discovery responses (including supplemental requests), significant document exchanges, third-party subpoenas, completion of approximately twenty depositions, including of the Named Plaintiffs, and expert discovery, Defendants moved for summary judgment on June 7, 2024, and that motion was fully briefed on October 1, 2024, and submitted on October 30, 2024. ECF Nos. 165-170.

**SETTLEMENT**

4. After two separate mediations completed during the course of the litigation by experienced mediators, the Parties continued extensive arm's-length negotiations, reaching a settlement-in-principle and prepared the comprehensive Settlement Agreement that is the subject of this motion.

5. The Parties are of the opinion that the Settlement Agreement is fair, reasonable and

adequate.

6. The Parties are of the opinion that the Settlement Agreement is fair, reasonable and adequate. In reaching an agreement, Plaintiffs' counsel has analyzed and evaluated the merits of the claims made against Defendants in the litigation and the impact of the Settlement Agreement on the Named Plaintiffs and Settlement Class.

7. Specifically, Plaintiffs' Counsel has considered factors such as substantial risks of continued litigation and the possibility that the case, if not settled now, might result in a recovery (or adverse judgment) several years from now that is less favorable to the Named Plaintiffs and the Class Members than that offered by the Settlement Agreement.

8. In light of such considerations, Plaintiffs' Counsel is satisfied that the terms and conditions of the Settlement are fair, reasonable and adequate and that the Settlement is in the best interests of the Named Plaintiffs and Class Members.

9. Based on the information provided by the Plans' recordkeeper, there are more than 12,000 Settlement Class members.

10. The Case Contribution Award reflects the work the class representative has performed in assisting Plaintiffs' Counsel with this litigation, including numerous telephonic conferences with Plaintiffs' Counsel, assisting with drafting the Complaint and Amended Complaint, responding to discovery requests, preparing for and sitting for a deposition, and assistance with the settlement negotiations which ultimately required them to be available for the two separate mediations, and the work he will continue to perform through the approval process of the Settlement.

11. The Named Plaintiffs represented the Settlement Class throughout the litigation, have the same claims as the Settlement Class and/or were named in the complaints, and have no

known conflicts with any class members.

**THOMAS & SOLOMON PLLC**

12. Additionally, Thomas & Solomon PLLC (“TS”) is qualified and able to litigate the ERISA claims in this matter.

13. TS has over two decades concentrating its work on representing class litigants in complex actions including nationwide class and collective actions, including cases with over 100,000 class members. In just class action cases, Plaintiffs’ Counsel has recovered over $100 million for class members.

14. Plaintiffs’ Counsel had done substantial work identifying, investigating, prosecuting, and settling the claims as lead counsel in many complex class actions.

15. Plaintiffs’ Counsel will similarly continue to adequately protect the interest of the proposed Class.

16. The lawyers at TS are seasoned litigators who are experienced in employment issues, including ERISA, with considerable experience in prosecuting class actions and other complex litigation and therefore competent and capable of conducting this litigation.

17. TS has devoted the majority of its practice to representing and protecting the rights of individuals against large institutions through complex and class litigation within a variety of contexts.

18. For example, as a founding partner at TS, I have represented clients on both sides of litigation, having previously worked as an associate with the national law firm of Nixon Peabody.

19. I received my B.A., *summa cum laude*, from Emory University and my J.D. from the University of Virginia School of Law in 1993.

20. I am also an arbitrator with the American Arbitration Association and a certified

federal court mediator with the U.S. District Court for the Western District of New York.

21. I am a featured national speaker and author and regularly lead panel discussions with judges and other lawyers on these issues at continuing education events.

22. I was selected by my peers to the New York Super Lawyers list from 2011 through the present and have received the Martindale–Hubbell AV Preeminent rating from 2009 through the present, signifying the highest level of professional excellence.

23. I have also been selected as a New York Super Lawyer from 2011 to the present. In 1999, I was awarded the Special Service Award by the judges of the U.S. District Court for the Western District of New York for "excellence in the vigorous representation of his clients." In 2002, I received the 40 Under 40 Award, which honors leaders who have made a significant contribution to the Rochester community

24. I have litigated class and collective action lawsuits for well over twenty years.

25. Further, partner Jessica Lukasiewicz has also litigated class and collective action lawsuits for more than eighteen years at TS.

26. Ms. Lukasiewicz received her B.S. *cum laude* from the University of Florida in 2005, and received her J.D. from Syracuse University in 2008.

27. Ms. Lukasiewicz was recognized as a New York Super Lawyer Rising Star from 2015 through 2019.

28. TS is also highly knowledgeable regarding ERISA litigation and has or is currently pursuing other ERISA class actions. Indeed, Plaintiffs' Counsel's innovative and complex theories of the claims in this action, ultimately led to the Settlement.

29. TS has also devoted significant resources to extensively researching and analyzing the relevant claims and case law.

30. Moreover, Plaintiffs' Counsel has diligently investigated, prosecuted, and dedicated substantial resources to the claims in this action and will continue to do so throughout its pendency.

31. TS has the financial resources available to adequately represent the Class.

32. By the time the Parties reached the Settlement Agreement in this case: (1) Plaintiffs' Counsel undertook an extensive investigation of the factual and legal bases for the Named Plaintiffs' claims prior to commencing this action; (2) the Parties' legal positions were staked out in connection with the motion to dismiss and the motion for summary judgment; (3) Plaintiffs' Counsel had the necessary experience and qualifications to evaluate the Parties' legal positions leading up to and throughout the settlement negotiation process; and (4) the Parties engaged in and completed the discovery process, including exchanging written discovery, document productions, completed approximately twenty depositions, and then completed expert discovery.

33. Plaintiffs' Counsel was required to undertake significant legal work on behalf of the Settlement Class throughout the last eight years, including investigating the claims, communicating with Named Plaintiffs and class members, drafting the Complaint and Amended Complaint, conducting legal research on the pertinent legal issues involved in this case, including the evolving caselaw on the relevant legal issues, drafting and responding to written discovery, reviewing document productions, preparing third-party subpoenas, taking and defending approximately twenty depositions, engaging in motion practice, including on a motion to dismiss and summary judgment, and completing expert discovery, as well as participating in two mediations, and additional settlement discussions, then preparing and filing the Settlement related motion papers and supporting documents.

## EXHIBITS

34. Attached as **Exhibit A** is a true and correct copy of the executed Class Action Settlement Agreement.

35. Attached as **Exhibit B** is a true and correct copy of the Plan Allocation.

36. Attached as **Exhibit B** is a true and correct copy of the proposed Class Notice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2026

/s/ J. Nelson Thomas
J. Nelson Thomas