# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY ELLEN LUTZ, LEA SHURMATZ, KRISTIN SCHWARTZ, LINDA SPRING, AND ALEXIA CHRISTODOULIDES, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs,*<br>v.<br><br>KALEIDA HEALTH, *et al.*,<br><br>*Defendants.* | Case No. 1:18-cv-01112-GWC-JJM |

**CLASS ACTION SETTLEMENT AGREEMENT & RELEASE**

This CLASS ACTION SETTLEMENT AGREEMENT & RELEASE ("Settlement Agreement") is entered into by and between Named Plaintiffs, as defined in Section 1.18 below, on the one hand, and Defendants, as defined in Section 1.9 below, on the other hand. Capitalized terms and phrases have the meanings provided in Section 1 below or as specified elsewhere in this Settlement Agreement.

1. **DEFINITIONS**

1.1. "Action" shall mean: *Lutz et al. v. Kaleida Health et al.*, No. 1:18-cv-01112-GWC-JJM, pending in the U.S. District Court for the Western District of New York.

1.2. "CAFA" shall mean: the Class Action Fairness Act of 2005, as amended.

1.3. "Carved Out Claims" shall mean: the following rights and/or claims which are specifically excluded from the Released Claims:

(a) Any claims that have been asserted in *Cleary et al. v. Kaleida Health et al.*, Case No. 1:22-cv-00026 (W.D.N.Y.), or that could have been asserted in the *Cleary* matter pursuant to Federal Rule of Civil Procedure ("Rule") 15;

(b) Any rights or duties arising out of the Settlement Agreement, including the enforcement of the Settlement Agreement;

(c) Claims of individual denial of benefits under ERISA § 502(a)(1)(B), 29

U.S.C. § 1132(a)(1)(B) that do not fall within Section 1.29 below; or

(d) Claims arising exclusively from conduct after the Final Approval Order becomes Final.

In no event shall any member of the Settlement Class be permitted to recover more than 100% of his or her vested benefits.

1.4. "Case Contribution Award" shall mean: any monetary amount awarded by the Court, in its discretion, in recognition of the Named Plaintiffs' assistance in the prosecution of this Action and payable pursuant to Section 11 below.

1.5. "Class Counsel" shall mean: Thomas & Solomon PLLC.

1.6. "Class Period" shall mean: the period from October 11, 2012 through the date on which the Settlement becomes Final.

1.7. "Complaint" shall mean: the First Amended Class Action Complaint filed in the Action on February 4, 2019 (ECF No. 14) and any complaint preceding and thus superseded by the First Amended Class Action Complaint.

1.8. "Court" shall mean: the United States District Court for the Western District of New York.

1.9. "Defendants" shall mean: Kaleida Health, Board of Directors of Kaleida, Kaleida Health Retirement Plan Committee, Kaleida Health Investment Committee, Nicholas J. Aquino, Matthew L. Brown, Lorrie A. Clemo, Amy L. Clifton, Garry M. Crosby, Frank Curci, Evan Evans, Kevin Gibbons, Christopher T. Greene, Kathleen T. Grimm, Robert Halonen, James R. Kaskie, Darren J. King, John R. Koelmel, Jody L. Lomeo, William J. Maggio, Jr., George E. Matthews, Brenda L. McGee, David A. Milling, Herman S. Mogavero, Jr., Paul O'Leary, Christopher Ross, Mary Lou Rusin, Dale N. Schumacher, Francisco M. Vasquez, Peter Winkelstein, Robert M. Zak, and Susan Vallance.

1.10. "Defense Counsel" shall mean: Proskauer Rose LLP and Hodgson Russ LLP.

1.11. "Effective Date of Settlement" shall mean: the date on which all of the conditions to settlement set forth in Section 3 of this Settlement Agreement have been fully satisfied or waived and the Settlement shall have become Final.

1.12. "ERISA" shall mean: the Employee Retirement Income Security Act of 1974, as amended, including all rules and regulations promulgated thereunder.

1.13. "Fee and Expense Amount" shall mean: as discussed in more detail below in Section 11, the amount to be awarded by the Court in its discretion that is separate and apart from the Settlement Amount and resolves any dispute about Class Counsel's claim pursuant to 29 U.S.C. § 1132(g).

1.14. "Final" when referring to the Final Approval Order or any other judgment or court

order in this Action shall mean: (a) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) calendar days after entry of the judgment or order; or (b) if there is an appeal from the judgment or order, the later of (i) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (ii) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

1.15. "Final Approval Order" shall mean: the order of dismissal with prejudice entered by the Court as contemplated by Sections 3.2.5 and 3.6 of this Settlement Agreement.

1.16. "Final Individual Dollar Recovery" shall mean: the portion of the Net Settlement Amount payable to an individual Settlement Class member, as determined by the Settlement Administrator according to the procedures described in the Plan of Allocation.

1.17. "Independent Fiduciary" shall mean: the fiduciary retained for purposes of Section 3.4.

1.18. "Named Plaintiffs" shall mean: Mary Ellen Lutz, Lea Shurmatz, Kristin Schwartz, Linda Spring, and Alexia Christodoulides.

1.19. "Net Settlement Amount" shall mean: the Settlement Amount, less: (a) Settlement Administration Expenses; (b) fees and expenses payable to the Independent Fiduciary; and (c) Case Contribution Awards.

1.20. "Participant" shall mean: any person who was a participant in the Plans at any time during the Class Period.

1.21. "Participants With Active Plan Accounts" shall mean: Settlement Class members who have an existing account in either of the Plans as of the date the Settlement becomes Final.

1.22. "Participants Without Active Plan Accounts" shall mean: Settlement Class members who do not have an existing account in either of the Plans as of the date the Settlement becomes Final.

1.23. "Party" or "Parties" shall mean: the Named Plaintiffs and Defendants, either individually or collectively.

1.24. "Person" shall mean: an individual, partnership, limited liability company, corporation, or any other form of organization.

1.25. "Plans" shall mean: the (a) Kaleida Health Savings/Investment 401(k) Plan and (b) Kaleida Health Savings/Investment 403(b) Plan.

1.26. "Plan of Allocation" shall mean: the plan for allocating the Net Settlement Amount among Settlement Class members as described in Section 9.3 below and approved by the Court.

1.27. "Plans' Accounts" shall mean: the account holding unallocated assets in each of the Plans.

1.28. "Qualified Settlement Fund" shall mean: an account administered by the Settlement Administrator into which the Settlement Amount will be deposited by the Defendants.

1.29. "Released Claims" shall mean: subject to Section 10 below and the Carved Out Claims, any and all claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, disgorgement, and causes of action, whether arising under federal, state or local law, whether by statute, regulation, contract or equity, whether brought in an individual, derivative, or representative capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, against the Releasees for actions, inactions, or omissions during the Class Period that additionally were asserted in this Action or could have been asserted in this Action pursuant to Rule 15 and:

(a) That would have been barred by the doctrine of res judicata or claim preclusion had the Action been fully litigated to a final judgment;

(b) That arise out of, relate to, are based on, or have any connection with the same operative facts as those alleged in the Complaint, including, without limitation, any and all claims over which jurisdiction and/or standing is or may be lacking in the Court;

(c) That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation, implementation or administration of the Net Settlement Amount to the Plans or any member of the Settlement Class in accordance with the Plan of Allocation; or

(d) That relate to the approval by the Independent Fiduciary of the Settlement Agreement, except for claims brought solely against the Independent Fiduciary for breach of its fiduciary duties under ERISA in connection with its review of the Settlement Agreement.

This Settlement Agreement provides for the Released Claims herein; it does not provide for a general release. For any Released Claims, the Parties stipulate and agree that, upon the Effective Date of Settlement, Named Plaintiffs shall expressly waive, the Plans and each of the other Settlement Class members shall be deemed to have waived, and, by operation of the Final Approval Order, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS**

**OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

1.30. "Releasees" shall mean: Defendants and its or their, as applicable, current and former parents, subsidiaries, affiliates, and successors, including, without limitation, its or their, as applicable, 401(k) and/or 403(b) plans, directors, trustees, managers, fiduciaries, members of 401(k) and/or 403(b) plan fiduciary committees, officers, governors, management committee members, in-house counsel, employees, agents, representatives, insurers, reinsurers, consultants, administrators, investment advisors, investment underwriters, estates, beneficiaries and spouses.

1.31. "Representatives" shall mean: representatives, attorneys, agents, directors, officers, employees, insurers, and/or reinsurers.

1.32. "Settlement" shall mean: the settlement to be consummated under this Settlement Agreement pursuant to the Final Approval Order.

1.33. "Settlement Administration Expenses" shall mean: the expenses of the implementation of the Settlement and the Plan of Allocation, including the fees and expenses of the Settlement Administrator, including: (a) providing notice to the Settlement Class; (b) calculating each Settlement Class member's Final Individual Dollar Recovery and implementing the Plan of Allocation; (c) distributing to Participants Without Active Plan Accounts their Final Individual Dollar Recoveries; (d) paying taxes, if any, on the Qualified Settlement Fund; and (e) generally administering the Settlement. All Settlement Administration Expenses shall be paid from the Settlement Amount. The Parties agree that the Plans' current recordkeeper, Plans' trustee and/or custodian, and Defendants will not be exercising any discretion when distributing Final Individual Dollar Recoveries to Participants With Active Plan Accounts based on the instructions of Class Counsel and the Settlement Administrator. Furthermore, the Parties, Class Counsel and Defense Counsel do not exercise discretion when assisting the Settlement Administrator with the implementation or administration of the Court-approved Plan of Allocation.

1.34. "Settlement Administrator" shall mean: a third party retained by Defense Counsel, subject to approval by the Court, who will: (a) issue the Class Notice (as defined in Section 3.2.1(b) below); (b) calculate each Settlement Class member's Final Individual Dollar Recovery and implement the Plan of Allocation; (c) distribute to Participants Without Active Plan Accounts their Final Individual Dollar Recoveries; (d) effectuate the payment of all taxes and tax expenses, including tax reporting, remittance, and/or withholding obligations for distributions to Settlement Class members; and (e) generally administer the Settlement.

1.35. "Settlement Amount" shall mean: eight hundred thousand U.S. dollars ($800,000.00).

1.36. "Settlement Class" shall mean: all participants and beneficiaries of the Plans at any time on or after October 11, 2012 through the date on which the Settlement becomes Final.

1.37. "Settlement Website" shall mean: a website established by the Settlement

Administrator no later than ten (10) calendar days after the entry of the Preliminary Approval Order and maintained for no more than six (6) months after the Effective Date of Settlement, which shall contain a copy of the Settlement Agreement, the Plan of Allocation, Class Notice, and relevant case documents to be agreed to by the Parties, including, but not limited to, a copy of the operative Complaint and all documents filed with the Court in connection with the Settlement, along with a toll-free telephone number and mailing address through which members of the Settlement Class may contact the Settlement Administrator. No other information or documents shall be posted on the Settlement Website unless agreed to in advance by the Parties.

1.38. "Successor-In-Interest" shall mean: a Person's estate, legal representatives, heirs, beneficiaries, successors or assigns, and any other Person who can make a legal claim by or through such Person.

2. **RECITALS**

2.1. Class Counsel has conducted an investigation into the facts, circumstances and legal issues associated with the allegations made in the Action. This investigation has included, *inter alia*: (a) reviewing and analyzing documents relating to Defendants and the Plans; and (b) researching the applicable law with respect to the claims asserted in the Action and the defenses and potential defenses thereto.

2.2. In the Complaint, the Named Plaintiffs allege that Defendants were fiduciaries of the Plans and that they breached fiduciary duties owed to the Participants in the Plans by, among other things, causing the Plans to incur excessive recordkeeping fees.

2.3. Defendants deny any and all liability, and deny any and all allegations of wrongdoing made in the Complaint and Action. Defendants deny that some or all of them were fiduciaries under ERISA, or were acting as ERISA fiduciaries at the time of the events complained of, or to the extent that any of them were acting as fiduciaries, that any breach of fiduciary duty occurred in connection with any actions taken with respect to the Plans. Defendants further contend that they acted prudently and loyally at all times and in all respects with regard to the Plans. Class Counsel agrees with none of these denials.

2.4. On March 30, 2026, the Court issued an Order (ECF No. 176) granting in part, and denying in part, Defendants' Motion for Summary Judgment.

2.5. During the course of the Action, the Parties engaged in settlement discussions. The terms of the Parties' Settlement are memorialized in this Settlement Agreement.

2.6. On September 29, 2026, the Parties notified the Court that they reached a settlement in principle to resolve the Action and that they expect to seek preliminary approval of the Settlement no later than October 31, 2026. (ECF No. 189.)

2.7. Class Counsel believes that the Settlement will provide a benefit to the Settlement Class and the Plans, and, when that benefit is weighed against the attendant risks of continuing the prosecution of the Action, the Settlement represents a reasonable and fair resolution of the claims of the Settlement Class. In reaching this conclusion, Class Counsel

has considered, among other things, the risks of litigation, the relevant law, the time necessary to achieve a final resolution through litigation, the complexity of the claims set forth in the Complaint, and the benefit accruing to the Plans' Participants under the Settlement.

2.8. This Settlement Agreement, and the prior negotiations between the Parties, shall in no event be construed as, or be deemed evidence of, an admission or concession of any wrongdoing, fault or liability of any kind by Defendants nor an admission or concession by Class Counsel that the Defendants engaged in no wrongdoing and had no fault or liability.

2.9. Defendants desire to resolve fully and settle with finality the Action and the Released Claims for themselves and the Plans, thereby avoiding the expense, inconvenience, burden, distraction and diversion of their personnel and resources, and uncertainty of outcome that is inherent in any litigation.

2.10. The Named Plaintiffs and Defendants have thus reached this Settlement by and through their respective counsel on the terms and conditions set forth herein, which is subject to Court approval.

## 3. CONDITIONS TO EFFECTIVENESS OF THE SETTLEMENT

3.1. *Effectiveness of Settlement*. The Settlement provided for in this Settlement Agreement shall not become binding unless and until each and every one of the following conditions in Sections 3.2 through 3.7 shall have been satisfied or waived.

3.2. *Court Approval*. The Settlement contemplated under this Settlement Agreement shall have been approved by the Court, as provided for in this Section 3.2. The Parties agree to jointly recommend to the Court that it issue the Final Approval Order contemplated by the Settlement Agreement. The Parties agree to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement, and any other steps or efforts which may become necessary by order of the Court (unless such order modifies the terms of this Settlement Agreement) or otherwise, to obtain a Final Approval Order, including the following:

3.2.1. *Preliminary Approval of Settlement and of Notices*. The Court shall have approved the motion for preliminary approval of settlement filed by Named Plaintiffs (the "Preliminary Approval Motion") by issuing an order in substantially the same form as attached hereto as Exhibit 1 (the "Preliminary Approval Order"):

(a) preliminarily approving the Settlement embodied in this Settlement Agreement;

(b) directing the Settlement Administrator to send by electronic means or by first class mail the class notice, substantially in the form attached to the Preliminary Approval Order as Exhibit A (the "Class Notice"), to all Settlement Class members within twenty-one (21) calendar days of the Preliminary Approval Order;

(c) finding that: (i) the proposed Class Notice fairly and adequately (A) describes

the terms and effect of this Settlement Agreement and of the Settlement, (B) provides sufficient notice to all members of the Settlement Class of the time and place of the Fairness Hearing (defined below in Section 3.2.5), and (C) describes the rights of all Settlement Class members including that the recipients of the Class Notice may object to approval of the Settlement; and (ii) the proposed manner of distributing the Class Notice to the members of the Settlement Class is the best notice practicable under the circumstances and complies fully with the requirements of Rule 23 and due process;

(d) setting the Fairness Hearing for a date no sooner than one hundred one (101) calendar days after the Preliminary Approval Order is issued by the Court;

(e) setting the deadline for all objections to any aspect of the Settlement Agreement to be filed with the Court and served on Class Counsel and Defense Counsel within forty-five (45) calendar days of the Class Notice being issued, and setting the deadline for a notice by any Person who wishes to speak at the Fairness Hearing to be filed with the Court within forty-five (45) calendar days of the Class Notice being issued;

(f) providing that any Party may file a response to an objection to the Settlement within seven (7) calendar days after the objection is received by Class Counsel and Defense Counsel; and

(g) approving the form of the CAFA notice attached to the Preliminary Approval Order as Exhibit B (the "CAFA Notice"), and ordering that upon mailing of the CAFA Notice, Defendants will have fulfilled their obligations under CAFA.

3.2.2. *Class Certification*.

(a) The Court shall have certified the Action as a class action for settlement purposes only, pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, with Named Plaintiffs as the named Settlement Class representatives, Thomas & Solomon PLLC as Class Counsel, and a Settlement Class as defined above, except that this condition shall also be deemed satisfied if another member of the Settlement Class is named as Settlement Class representative.

(b) The Parties agree to stipulate to a certification of the Action as a class action for settlement purposes only, pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, on the foregoing terms. If the Settlement does not become Final, then no Settlement Class will be deemed to have been certified by, or as a result of, this Settlement Agreement, and the Action will for all purposes revert to its status as of October 29, 2026, the day immediately prior to the date on which the Settlement Agreement was executed. In such event, Defendants will not have consented to certification of the Settlement Class, the agreements and stipulations in this Settlement Agreement concerning the

Settlement Class definition or class certification shall not be used as evidence or argument to support class certification, Defendants will retain any and all rights, arguments, and defenses, and the Settlement Class members will not have released their claims nor waived or impaired all rights they had in this Action.

3.2.3. *Issuance of Class Notice*. By no later than twenty-one (21) calendar days after the Preliminary Approval Order, the Settlement Administrator shall have caused the Class Notice to be sent to members of the Settlement Class in the form and manner approved by the Court. The Parties shall confer in good faith with regard to the form and content of the Class Notice in an effort to utilize cost effective forms of notice. Defendants shall provide reasonable cooperation with respect to the Class Notice, including by providing Participant addresses and contact information, to the extent Defendants have such information. The Parties agree, and the form of Preliminary Approval Order attached hereto as Exhibit 1 shall provide, that the last known email addresses and/or mailing addresses for the Settlement Class members in the possession of the Plans' current recordkeeper will suffice for all purposes in connection with this Settlement, including, without limitation, the furnishing of the Class Notice; provided, however, that if the Settlement Administrator obtains an updated address through its efforts to verify the last known address provided by the Plans' recordkeeper, then Class Notice shall be sent thereto.

3.2.4. *Internet Publication of Class Notice*. Class Counsel also shall have given notice by causing the Settlement Administrator to publish the Settlement Agreement and Class Notice on the Settlement Website.

3.2.5. *The Fairness Hearing*. On the date set by the Court in its Preliminary Approval Order, which shall occur as soon as convenient for the Court but no sooner than one hundred one (101) calendar days after the Preliminary Approval Order, the Parties shall have participated in the hearing (the "Fairness Hearing"), during or after which the Court will issue the Final Approval Order. The Final Approval Order is an order by the Court finding that:

(a) the proposed Settlement between the Parties on the terms and conditions provided for in this Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(b) final judgment should be entered;

(c) the Settlement Class should be certified as a non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

(d) the Class Notice distributed to members of the Settlement Class constituted the best notice practicable under the circumstances and sufficient notice of the Fairness Hearing, and all rights of members of the Settlement Class were provided consistent with Federal Rule of Civil Procedure 23 and the requirements of due process;

(e) the requirements of CAFA have been satisfied;

(f) the proposed Plan of Allocation, to be filed with the Court and described below in Section 9.3, has been approved;

(g) Settlement Administration Expenses shall be paid from the Settlement Amount;

(h) Named Plaintiffs shall be awarded Case Contribution Award(s) in the amount(s) approved by the Court, in an amount not to exceed seven thousand five hundred U.S. dollars ($7,500.00) for each Named Plaintiff;

(i) Class Counsel shall receive attorneys' fees and reimbursement of expenses as approved by the Court, provided that the aggregate of all attorneys' fees and expenses shall not exceed one million eight hundred thousand U.S. dollars ($1,800,000.00), and Defendants will not oppose such request;

(j) the Settlement Administrator shall have final authority to determine the amount of the Final Individual Dollar Recovery, if any, to be allocated to each of the Participants With Active Plan Accounts and Participants Without Active Plan Accounts pursuant to the Plan of Allocation approved by the Court;

(k) Defendants shall cause to be wired the Settlement Amount to the Qualified Settlement Fund within twenty-one (21) calendar days after the Effective Date of Settlement as long as Defendants have been provided a completed IRS Form W-9, and all necessary wiring instructions, including all confirmations required for the wiring instructions, from the Settlement Administrator and the Settlement Administrator shall timely provide such information;

(l) the Settlement Administrator shall wire, from the Qualified Settlement Fund to the Plans' Accounts, the portion of the Net Settlement Amount attributable to each of the Participants With Active Plan Accounts within thirty-five (35) calendar days after the Effective Date of Settlement;

(m) the Plans' current recordkeeper shall, upon the completion of the wire described in paragraph (l), distribute the share of the Net Settlement Amount to be allocated to each of the Participants With Active Plan Accounts in accordance with the Plan of Allocation that is approved by the Court;

(n) the Settlement Administrator shall distribute from the Qualified Settlement Fund the share of the Net Settlement Amount to be allocated to each of the Participants Without Active Plan Accounts as soon as reasonably practicable, but no later than sixty (60) calendar days after the Effective Date of Settlement in accordance with the Plan of Allocation that is approved by the Court;

(o) the payments of the Net Settlement Amount to effectuate the Plan of Allocation constitute restorative payments in accordance with Revenue

Ruling 2002-45;

(p) all Settlement Class members and the Plans are barred and enjoined from asserting any of the Released Claims against any of the Releasees;

(q) the Parties shall take the necessary steps to effectuate the terms of the Settlement Agreement;

(r) the Action is dismissed with prejudice and without costs, except as contemplated by this Settlement Agreement; and

(s) the Court shall retain jurisdiction to enforce and interpret the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Final Approval Order.

3.2.6. *Motion for Final Approval of Class Action Settlement*. On the date set by the Court in its Preliminary Approval Order, Named Plaintiffs shall have filed a motion for final approval of the Settlement (the "Final Approval Motion"). However, such date shall be no later than seven (7) calendar days after the deadline for objections. The Final Approval Motion shall seek the Court's finding that the Final Approval Order is a final judgment disposing of all claims and all Parties.

3.3. *Finality of Final Approval Order*. The Final Approval Order shall have become Final.

3.4. *Determination by Independent Fiduciary*. At least twenty-one (21) calendar days prior to the Fairness Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement in accordance with Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended by 75 Fed. Reg. 33,830 (the "Class Exemption"). If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement, then the Parties, through their counsel, shall attempt to agree in writing prior to filing the Final Approval Motion to modify the Settlement to satisfy objections by the Independent Fiduciary to the Settlement. If the Parties are unable to reach agreement on any modification required by the Independent Fiduciary, Defendants may, at their sole discretion, terminate the Settlement Agreement, at which point the Settlement Agreement will be null and void and the provisions of Section 10.2 shall apply.

3.4.1. The Independent Fiduciary's fees and expenses shall be paid from the Settlement Amount. Defendants and Class Counsel will comply with reasonable requests for non-privileged information made by the Independent Fiduciary that are for the purpose of reviewing and evaluating the Settlement Agreement.

3.5. *Compliance with CAFA*. Defendants shall have fulfilled their obligations under CAFA and the Court shall have determined that Defendants complied with CAFA and its notice obligations therein by providing appropriate federal and state officials with information about the Settlement.

3.6. *Dismissal of Action with Prejudice*. The Court shall have entered an order dismissing the Action with prejudice as of the Effective Date of Settlement.

3.7. *No Termination*. The Settlement shall not have terminated pursuant to Section 10 below.

3.8. *Materiality of Settlement Conditions*. The Parties expressly acknowledge that this Settlement is specifically conditioned upon the occurrence of each and every one of the foregoing conditions precedent prior to the Effective Date of Settlement, and that a failure of any condition set forth in Sections 3.2 through 3.7 above at any time prior to the Effective Date of Settlement shall make this Settlement Agreement, and any obligation to pay the Settlement Amount or the Fee and Expense Amount, or any portion thereof, null, void, and of no force and effect, unless the Parties agree in writing that despite the non-occurrence of one of the above conditions the remainder of the Settlement Agreement shall go forth.

## 4. RELEASES AND COVENANT NOT TO SUE

4.1. *Release by Named Plaintiffs, the Settlement Class, and the Plans*.

4.1.1. *Releases of the Releasees*. Subject to Section 10 below and the Carved Out Claims, upon the Effective Date of Settlement, Named Plaintiffs, on behalf of themselves, the Plans, and each member of the Settlement Class and their Successors-In-Interest, absolutely and unconditionally release and forever discharge the Releasees from any and all of the Released Claims that Named Plaintiffs or the Settlement Class directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have.

4.1.2. *Release by the Plans*. Subject to Section 10 below, upon the Effective Date of Settlement, the Independent Fiduciary's approval of the Settlement shall constitute a release of any and all of the Released Claims the Plans ever had, now have, or hereafter may have against any and all of the Releasees.

4.1.3. *Covenant Not to Sue*. Subject to Section 10 below, Named Plaintiffs, on behalf of themselves and each member of the Settlement Class, their Successors-In-Interest, their Representatives, and the Plans (subject to Independent Fiduciary approval as required by Section 3.4), expressly covenant and agree that they, acting individually, derivatively, or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert against Releasees, in any action or proceeding, any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims, and that the foregoing covenant and agreement shall be a complete defense to any such Released Claims against any of the Releasees.

## 5. COVENANTS

5.1. *No Amendment or Modification of Any Plans.* Notwithstanding anything to the contrary herein, Named Plaintiffs, on behalf of themselves, the Plans, and each member of the Settlement Class, their Successors-In-Interest, and their Representatives, hereby covenant that nothing in this Settlement Agreement, including the Plan of Allocation, shall constitute an amendment or modification of any rights or obligations under any of Releasees' employee benefit plans, including the Plans.

5.2. *Taxation of Qualified Settlement Fund*. Named Plaintiffs, on behalf of themselves, the Plans, and each member of the Settlement Class, their Successors-In-Interest, and their Representatives, hereby covenant that neither the Defendants, Releasees, Defense Counsel, Class Counsel nor any of their Representatives or Successors-In-Interest shall have any responsibility for any taxes due on the Qualified Settlement Fund, or on any funds that the Plans, members of the Settlement Class, or Named Plaintiffs receive from the Net Settlement Amount distributed from the Qualified Settlement Fund. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the Qualified Settlement Fund or any allocation or distribution therefrom.

5.3. *Cooperation*.

5.3.1. Kaleida Health shall cause Class Counsel and the Settlement Administrator to be provided with Settlement Class members' names, last known email addresses, last known addresses, account balances in the Plans, and other data reasonably necessary for the Settlement Administrator to determine each Settlement Class member's Final Individual Dollar Recovery in electronic spreadsheet format (to the extent Kaleida Health has such information) no later than fourteen (14) calendar days after entry of the Preliminary Approval Order. Such information shall be used by the Settlement Administrator to deliver the Class Notice and implement the Settlement, including the Plan of Allocation, and for no other purpose.

5.3.2. Class Counsel anticipates that the Settlement Administrator and Class Counsel will receive inquiries from Persons concerning whether they are members of the Settlement Class. To the extent that such Persons are not included in the information provided in the paragraph immediately above, Defendants and/or their Representatives will reasonably assist the Settlement Administrator and Class Counsel in determining whether or not such Persons are members of the Settlement Class.

6. **REPRESENTATIONS AND WARRANTIES**

6.1. *Parties' Representations and Warranties*.

6.1.1. Named Plaintiffs, on behalf of themselves and each member of the Settlement Class, their Successors-In-Interest, and their Representatives, represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Releasees, and further covenant that they will not assign or otherwise transfer any interest in any of the Released Claims.

6.1.2. Named Plaintiffs, on behalf of themselves, the Plans, and each member of the Settlement Class, their Successors-In-Interest, and their Representatives, represent and warrant that they shall have no surviving claim or cause of action against any of the Releasees with respect to the Released Claims.

6.1.3. The Parties, and each of them, represent and warrant that: (a) they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their counsel; (b) in executing this Settlement Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own

independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; (c) except as expressly stated herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements or omissions pertaining to any of the foregoing matters by any other Party or its Representatives; and (d) each Party assumes the risk of mistake as to facts or law.

6.1.4. The Parties, and each of them, represent and warrant that: (a) they have carefully read the contents of this Settlement Agreement; (b) they have made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto as they deem necessary; and (c) this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Parties.

6.2. *Signatories' Representations and Warranties*. Each individual executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Parties that he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each Person which such individual represents or purports to represent.

## 7. NO ADMISSION OF LIABILITY

Class Counsel believes that claims asserted in the Action are viable. Nevertheless, the Parties understand and agree that this Settlement Agreement embodies a compromise and settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding of fiduciary status under ERISA or wrongdoing by any of the Releasees, or give rise to any inference of fiduciary status under ERISA or wrongdoing or admission of wrongdoing or liability in this or any other proceeding. This Settlement Agreement and the payment made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Moreover, the Releasees specifically deny any and all such liability or wrongdoing. Neither the fact nor the terms of this Settlement Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Approval Order.

## 8. QUALIFIED SETTLEMENT FUND AND DISTRIBUTION OF NET SETTLEMENT AMOUNT

8.1. *The Qualified Settlement Fund.*

8.1.1. The Qualified Settlement Fund shall be structured and managed to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder, and shall contain customary provisions for such funds, including obligations of the Qualified Settlement Fund to make tax filings and to provide reports to the Parties concerning taxes. The Settlement Administrator shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be

made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Parties agree that the Qualified Settlement Fund will pay any federal, state, and local taxes that may apply to the income of the Qualified Settlement Fund. The Settlement Administrator shall arrange for the preparation and filing of all tax reports and tax returns required to be filed by the Qualified Settlement Fund and for the payment from the Qualified Settlement Fund of any taxes owed. The Settlement Administrator shall be authorized to retain a certified public accounting firm for those purposes. All taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund shall be paid out of the Settlement Amount, shall be considered a cost of administration of the Settlement, and shall be timely paid without further order of the Court. The Settlement Administrator shall arrange for the preparation and issuance of any required Forms 1099 to Named Plaintiffs and members of the Settlement Class receiving cash payments from the Qualified Settlement Fund, and costs incurred in connection therewith also shall be paid out of the Qualified Settlement Fund, shall be considered a cost of administration of the Settlement, and shall be timely paid by the Qualified Settlement Fund without further order of the Court. The Parties agree that neither Defendants nor any Releasee has any responsibility, authority, or liability respecting the operation and administration of the Qualified Settlement Fund.

8.1.2. The Settlement Administrator will structure the Qualified Settlement Fund, to the extent possible, to preserve for the Settlement Class the tax benefits associated with retirement plans.

8.1.3. The Parties acknowledge and agree that Releasees shall not have any authority or liability in connection with the management, investment, maintenance, or control of the Qualified Settlement Fund.

8.2. *Distribution of Net Settlement Amount.*

8.2.1. As noted above in Section 3.2.5, the Settlement Administrator shall cause the portion of the Net Settlement Amount allocable to Participants With Active Plan Accounts to be transferred to the Plans' Accounts within thirty-five (35) calendar days after the Effective Date of Settlement, and the portion of the Net Settlement Amount allocable to Participants Without Active Plan Accounts to be distributed from the Qualified Settlement Fund as soon as reasonably practicable but no later than sixty (60) calendar days after the Effective Date of Settlement.

8.3. The Settlement Administration Expenses shall be payable to the Settlement Administrator within thirty-five (35) calendar days after the Effective Date of Settlement and shall be paid from the Settlement Amount held in the Qualified Settlement Fund.

8.4. *Sole Monetary Contributions*. The Settlement Amount and Fee and Expense Amount shall be the full and sole monetary contributions and consideration made by or on behalf of the Releasees in connection with the Action and Settlement. Except as otherwise specified in this Settlement Agreement, the Parties shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary court orders and

approvals with respect to the same.

9. **EFFECTIVE DATE OF SETTLEMENT; PLAN OF ALLOCATION**

9.1. *Establishment of Effective Date of Settlement*. If Named Plaintiffs and Defendants disagree as to whether each and every condition set forth in Section 3 has been satisfied or waived, they shall promptly confer in good faith and, if unable to resolve their differences within five (5) business days thereafter, shall present their disputes as provided for in Section 13.1.

9.2. *Distributions from Qualified Settlement Fund*.

9.2.1. No distribution of any part, or all, of the Net Settlement Amount shall be made from the Qualified Settlement Fund until the Final Approval Order is Final, and the Settlement Administrator has received: (a) a notice by Class Counsel and Defense Counsel, directing that the Net Settlement Amount be disbursed and designating the appropriate recipient(s); or (b) a court order, directing that the Net Settlement Amount be disbursed and designating the appropriate recipient(s).

9.2.2. The Settlement Administrator shall discharge its duties following the terms of this Settlement Agreement, under Defense Counsel's supervision and subject to the jurisdiction of the Court. Class Counsel shall be kept reasonably informed of the communications between Defense Counsel and the Settlement Administrator relating to the distribution of the Qualified Settlement Fund.

9.2.3. Except as otherwise expressly provided herein, the Releasees, Named Plaintiffs, Defense Counsel, and Class Counsel shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any Person, including, but not limited to, any Settlement Class member, in connection with any such administration.

9.2.4. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Settlement Class members in accordance with the Plan of Allocation set forth in Section 9.3 and as ordered by the Court.

9.3. *Plan of Allocation*.

9.3.1. The distribution of the Net Settlement Amount to the Settlement Class members shall be made in accordance with the Plan of Allocation to be approved by the Court. Releasees, Named Plaintiffs, Defense Counsel, and Class Counsel shall have no responsibility or liability for calculating the amounts payable to the Settlement Class members, and Releasees, Named Plaintiffs, Defense Counsel, and Class Counsel shall have no responsibility or liability for distributing the Net Settlement Amount to the Settlement Class members in accordance with the Court-approved Plan of Allocation.

9.3.2. To effectuate the distribution of the Net Settlement Amount to Settlement Class members, the Settlement Administrator shall calculate each Settlement Class member's Final Individual Dollar Recovery based on the Plan of Allocation and shall provide to the

Plans' current recordkeeper the total amount of the recoveries for Participants With Active Plan Accounts.

9.3.3. All inquiries by the Settlement Class members concerning the Final Individual Dollar Recovery distributed to a particular Settlement Class member shall be handled in the first instance by the Settlement Administrator. Thereafter, Class Counsel and Defense Counsel shall work cooperatively to resolve any such inquiries.

9.3.4. Neither the Parties, Defense Counsel, Class Counsel, nor the Releasees shall have any responsibility for or liability whatsoever with respect to any tax advice given to Participants Without Active Plan Accounts or Participants With Active Plan Accounts. Deductions will be made, and reporting will be performed, by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Parties.

9.3.5. In the event that Defense Counsel or Class Counsel determines that it is necessary to modify the Plan of Allocation, Class Counsel and Defense Counsel shall jointly discuss such modification and determine whether the modification is reasonable and appropriate under the circumstances. The Parties will jointly petition the Court for approval of any material modification.

9.3.6. Notwithstanding anything in this Settlement Agreement to the contrary, the Plan of Allocation is a matter separate and apart from the Settlement between the Parties, and no decision by the Court concerning the Plan of Allocation shall affect the validity of the Settlement Agreement or finality of the proposed Settlement in any manner.

9.3.7. The determination of "Participants With Active Plan Accounts" and "Participants Without Active Plan Accounts" will be based on Settlement Class members' account balances in the Plans as of the date the Settlement becomes Final as long as such data for the Participants With Active Plan Accounts and Participants Without Active Plan Accounts is available at that time. Kaleida Health shall use reasonable efforts to cause the Settlement Administrator to be provided with updated information on the names, last known addresses, and email addresses of Participants With Active Plan Accounts and Participants Without Active Plan Accounts, and data reasonably necessary for the Settlement Administrator to determine each Settlement Class member's Final Individual Dollar Recovery (to the extent Kaleida Health has such information) as soon as reasonably possible, and in any event within fourteen (14) calendar days, after the Settlement becomes Final.

## 10. TERMINATION OF THE SETTLEMENT AGREEMENT

10.1. *Automatic Termination.* This Settlement Agreement shall automatically terminate, and thereupon become null and void, in the following circumstances:

10.1.1. If the Court declines to approve the Settlement, and if such order declining approval has become Final, then this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the date that any such order becomes Final, provided, however, that if the Court declines to approve the Settlement for any reason, the Parties shall negotiate in good faith to cure any deficiency identified by the Court, and provided further

that, if necessary to cure any such deficiency, Class Counsel shall resubmit within a reasonable time the Preliminary Approval Motion and/or Final Approval Motion with an additional or substitute member of the Settlement Class as a named Settlement Class representative.

10.1.2. If the Court issues an order in the Action modifying the Settlement Agreement, and if within thirty-one (31) calendar days after entry of any such order the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Court or by the Parties, then, provided that no appeal, petition for writ of certiorari, or any other request for review of such order is then pending, this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first (31st) calendar day after entry of the order referenced in this Section.

10.1.3. If the U.S. Court of Appeals for the Second Circuit reverses the Court's Final Approval Order, and if within ninety-one (91) calendar days after entry of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Second Circuit or by the Parties, then, provided that no appeal, petition for writ of certiorari, or any other request for review of such order is then pending, this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the ninety-first (91st) calendar day after entry of the Second Circuit order referenced in this Section.

10.1.4. If the Supreme Court of the United States reverses or remands a Second Circuit order approving the Settlement, and if within thirty-one (31) calendar days after entry of any such ruling the Parties have not agreed in writing to proceed with all or part of the Settlement Agreement as modified by the Supreme Court or by the Parties, then this Settlement Agreement shall automatically terminate, and thereupon become null and void, on the thirty-first (31st) calendar day after entry of the Supreme Court order referenced in this Section.

10.1.5. If an appeal of or petition for writ of certiorari to the Supreme Court regarding an order declining to approve the Settlement Agreement or modifying this Settlement Agreement is pending, this Settlement Agreement shall not be terminated until final resolution or dismissal of any such appeal or petition, except by written agreement of the Parties.

10.2. *Consequences of Termination of the Settlement Agreement.* If the Settlement Agreement is terminated and rendered null and void for any reason, the following shall occur:

10.2.1. The Action shall for all purposes with respect to the Parties revert to its status as of October 29, 2026, the day immediately prior to the execution of this Settlement Agreement. The Parties will cooperate in trying to return the Action to the Court for decision on the matters pending before the Court at the time of execution of this Settlement Agreement.

10.2.2. All releases given or executed pursuant to the Settlement Agreement shall be null and void; none of the terms of the Settlement Agreement shall be effective or enforceable;

and neither the fact nor the terms of the Settlement Agreement shall be offered or received in evidence in this Action or in any other action or proceeding for any purpose, except in an action or proceeding arising under this Settlement Agreement.

## 11. ATTORNEYS' FEES AND EXPENSES; NAMED PLAINTIFFS' CASE CONTRIBUTION AWARDS

11.1. *Application for Fees and Expenses.* Class Counsel shall petition the Court no later than fourteen (14) calendar days prior to the deadline for objections for an award of attorneys' fees and expenses in the amount of one million eight hundred thousand U.S. dollars ($1,800,000.00) to be paid by the Defendants directly. Settlement Class members are not responsible for paying taxes on this amount. This amount fully compromises and discharges any fee and expense obligation Settlement Class members would have otherwise had to Class Counsel, and Class Counsel will seek no other fees or expenses from Settlement Class members. The amount will be deposited into a separate trust account under the control of the Class Counsel for the Settlement Class members' benefit. The amount paid shall be used solely to pay attorneys' fees and costs in this matter and shall not be distributed to Settlement Class members until after those fees are paid, and only if funds remain in the account to be distributed. The Fee and Expense Amount represents the amount Defendants are paying to Class Counsel to extinguish any claim against Defendants under 29 U.S.C. § 1132(g) that would otherwise have needed to be litigated in this Court.

11.2. *Application for Case Contribution Awards.* Class Counsel shall petition the Court no later than fourteen (14) calendar days prior to the deadline for objections for an award of $7,500 for each Named Plaintiff to be paid to the Named Plaintiffs from the Settlement Amount.

11.3. *Disbursement of Fees, Costs, Expenses, and Case Contribution Awards.*

11.3.1. Within twenty-one (21) calendar days of the Effective Date of Settlement, as long as Defense Counsel have been provided a completed IRS Form W-9, and all necessary wiring instructions, including all confirmations required for the wiring instructions, from Class Counsel, as set forth above, Defendants will cause to be wired to one account specified by Class Counsel an amount equal to the sum of the amounts of any attorneys' fees and expenses.

11.3.2. The Case Contribution Awards shall be payable from the Settlement Amount in an amount ordered by the Court and shall be in addition to any portion of the Net Settlement Amount that Named Plaintiffs would otherwise be entitled to receive as members of the Settlement Class. The Case Contribution Awards will only be distributed after the Effective Date of Settlement.

## 12. STATEMENTS TO THE PUBLIC

No press release relating to the Settlement or the Action shall be issued by Class Counsel. If any Party (including his, her, or its counsel) is asked by a member of the press about the status of the Settlement or Action, to the degree an answer shall be provided, Class Counsel shall refer that individual to the Settlement Website. To the extent Defendants or Defense Counsel are contacted by participants or others relating to the Settlement or the Action, Defendants and

Defense Counsel shall respond by referring the individual to the Settlement Website and Class Counsel.

13. **MISCELLANEOUS PROVISIONS**

13.1. *Jurisdiction*. The Court shall retain jurisdiction over Named Plaintiffs, the Settlement Class, the Plans, and Defendants to resolve any dispute that may arise regarding this Settlement Agreement or the orders and notices referenced in Section 3 above.

13.2. *Governing Law*. This Settlement Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, state law controls, in which case New York law will apply without regard to conflict of law principles.

13.3. *Severability*. The provisions of this Settlement Agreement are not severable, except that the Court's decision about the Fee and Expense Amount to be awarded to Class Counsel shall have no impact on the finality of the Settlement or any other provision of this Settlement Agreement.

13.4. *Amendment*. Before entry of a Final Approval Order, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties. Following entry of a Final Approval Order, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties, and approved by the Court.

13.5. *Waiver*. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving Party. The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

13.6. *Construction*. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

13.7. *Principles of Interpretation*. The following principles of interpretation apply to this Settlement Agreement:

13.7.1. *Headings*. The headings of this Settlement Agreement are for reference purposes only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

13.7.2. *Singular and Plural*. Definitions apply to the singular and plural forms of each term defined.

13.7.3. *Gender*. Definitions apply to the masculine, feminine, and neuter genders of each

term defined.

13.7.4. *References to a Person*. References to a Person are also to the Person's permitted successors and assigns.

13.7.5. *Terms of Inclusion*. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

13.8. *Further Assurances*. Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

13.9. *Survival*. All representations, warranties and covenants set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

13.10. *Notices*. Any notice, demand or other communication under this Settlement Agreement (other than notices to members of the Settlement Class) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed email, or delivered by reputable express overnight courier:

A. IF TO NAMED PLAINTIFFS:

Thomas & Solomon PLLC
J. Nelson Thomas
693 East Avenue
Rochester, NY 14607
(585) 272-0540
nthomas@theemploymentattorneys.com

B. IF TO DEFENDANTS:

Russell L. Hirschhorn
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3286
rhirschhorn@proskauer.com

Any Party may change the address at which it is to receive notice by written notice delivered to the other Parties in the manner described above.

13.11. *Entire Agreement*. This Settlement Agreement contains the entire agreement among the Parties relating to this Settlement. It specifically supersedes any settlement terms or settlement agreements relating to Defendants that were previously agreed upon orally or in

writing by any of the Parties.

13.12. *Counterparts*. This Settlement Agreement may be executed by exchange of faxed or scanned executed signature pages, and any signature transmitted by facsimile or by email attachment for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

13.13. *Binding Effect*. This Settlement Agreement binds and inures to the benefit of the Parties hereto, their assigns, heirs, beneficiaries, administrators, executors and Successors-In-Interest.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below.

***FOR NAMED PLAINTIFFS AND THE SETTLEMENT CLASS***

Dated this 30th day of October, 2026.

THOMAS & SOLOMON PLLC

By: ______________________
J. Nelson Thomas
693 East Avenue
Rochester, NY 14607
(585) 272-0540

***FOR ALL DEFENDANTS***

Dated this 30th day of October, 2026.

PROSKAUER ROSE LLP

DocuSigned by:
By: ______________________
C3BB3A6E3CC8442...
Russell L. Hirschhorn
Eleven Times Square
New York, NY 10036
(212) 969-3286