# Exhibit C

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
***Lutz et al. v. Kaleida Health et al.*, No. 1:18-cv-01112-GWC-JJM (W.D.N.Y.)**

«IMbFullBarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State» «Zip»-«ZipDPC3»

«Notice_Encoded»

**This is a notice of a proposed class action settlement.**
**If you were a participant in or beneficiary of the Kaleida Health Savings/Investment 401(k) Plan or the Kaleida Health Savings/Investment 403(b) Plan on or after October 11, 2012, a class action lawsuit may affect your rights.**

**A federal court authorized this notice. This is not a solicitation from a lawyer.**
**You are not being sued. You do not need to submit a claim form.**

- A federal lawsuit alleges that, by causing the Kaleida Health Savings/Investment 401(k) Plan and the Kaleida Health Savings/Investment 403(b) Plan (collectively, the "Plans") to, among other things, incur excessive recordkeeping fees, Defendants breached their fiduciary duties to the Plans in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs sued Kaleida Health, Board of Directors of Kaleida, Kaleida Health Retirement Plan Committee, Kaleida Health Investment Committee, Nicholas J. Aquino, Matthew L. Brown, Lorrie A. Clemo, Amy L. Clifton, Garry M. Crosby, Frank Curci, Evan Evans, Kevin Gibbons, Christopher T. Greene, Kathleen T. Grimm, Robert Halonen, James R. Kaskie, Darren J. King, John R. Koelmel, Jody L. Lomeo, William J. Maggio, Jr., George E. Matthews, Brenda L. McGee, David A. Milling, Herman S. Mogavero, Jr., Paul O'Leary, Christopher Ross, Mary Lou Rusin, Dale N. Schumacher, Francisco M. Vasquez, Peter Winkelstein, Robert M. Zak, and Susan Vallance (together, "Defendants").

- Defendants deny all allegations of wrongdoing, fault, liability, or damage to the Plaintiffs and the Settlement Class and deny that they engaged in any wrongdoing or violation of law or breach of fiduciary duties. Among other things, Defendants contend that they acted prudently and loyally at all times and in all respects with regard to the Plans. Defendants deny all claims, and nothing in the Settlement is an admission or concession on their part of any fault or liability whatsoever.

- A Settlement has been reached that applies to all claims in this case.

- This is a Class Action Settlement. The Settlement Class is defined as:

  All participants and beneficiaries of the Plans at any time on or after October 11, 2012 through the date on which the Settlement becomes Final.

- The Settlement provides for an $800,000.00 Settlement Amount. After deduction of any Court-approved Settlement Administration Expenses (such as the cost of distributing this Notice), fees and expenses payable to the Independent Fiduciary, and Court-approved Case Contribution Awards, the remaining amount (the "Net Settlement Amount") will be paid to the Settlement Class under the Plan of Allocation. Any Court-approved attorneys' fees and expenses for Class Counsel will be paid separately and will not reduce the Settlement Amount. The terms of the Settlement are in the Class Action Settlement Agreement & Release dated October 30, 2026 (the "Settlement Agreement"), which is available on the Settlement Website at www.[WEBSITE].com. The terms are summarized below. This Notice is a summary. In the event of any inconsistency, the Settlement Agreement and any order of the Court control. The Settlement Agreement is not an admission or concession by Defendants of any fault or liability, nor is it an admission by Plaintiffs that their claims lacked merit.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this notice.



«Barcode»
«BarcodeString»

- The Court has yet to decide whether to approve the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.
- A Fairness Hearing will take place on [DATE], 2027 at [TIME] before The Honorable Geoffrey W. Crawford at the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202, in Courtroom [##], to determine whether to grant final approval of the Settlement and approve (i) the requested attorneys' fees and expenses, (ii) Settlement Administration Expenses, and (iii) Case Contribution Awards to the Named Plaintiffs. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [WEBSITE].
- Objections to the Settlement, or to (i) the requested attorneys' fees and expenses, (ii) administrative fees, costs, and expenses, or (iii) Case Contribution Awards, must be filed with the Court and served on Class Counsel and Defense Counsel by U.S. Mail by [DATE], 2027. More information about the objection process is in Section 9 of this notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **Our records indicate you are a Settlement Class member.**<br><br>**If so, you do not need to do anything to receive your share of the Settlement.** | If you have an Active Plan Account in either of the Plans, meaning you have an existing account in either of the Plans as of the date the Settlement becomes Final, you will receive your share of the Net Settlement Amount as a direct deposit into your Plan Account(s). If you do not have an Active Plan Account, you will receive your share of the Net Settlement Amount, if any, via check sent by mail. |
| **You can object to the Settlement no later than [DATE], 2027.** | If you want to object to any part of the Settlement, or to (i) the requested attorneys' fees and expenses, (ii) Settlement Administration Expenses, or (iii) Case Contribution Awards, you must submit your objection and any supporting documents to the Court, Class Counsel, and Defense Counsel by **[DATE], 2027**. |
| **You can attend a hearing on [DATE], 2027 to discuss the fairness of the Settlement.** | You may also attend the Fairness Hearing on **[DATE], 2027**. If you wish to attend and speak at the hearing, you must file with the Court and serve on Class Counsel and Defense Counsel notice of your intent to appear by **[DATE], 2027**. Please note that you may not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |

**WHAT THIS NOTICE CONTAINS**


BASIC INFORMATION ..... 3
1. Why did I get this notice? ..... 3
2. What is this lawsuit about? ..... 3
3. What is a class action and who is involved? ..... 3
THIS SETTLEMENT ..... 3
4. Why is there a settlement? ..... 3
5. What does the Settlement provide? ..... 3
6. How much money will I receive from the Settlement? ..... 3
7. How can I receive my distribution from the Settlement? ..... 4
YOUR RIGHTS AND OPTIONS ..... 4
8. Can I get out of the Settlement? ..... 4
9. How do I tell the Court if I don't approve of the Settlement? ..... 4
10. When and where will the Court decide whether to approve the Settlement? ..... 4
11. Do I have to attend the Fairness Hearing? ..... 5
12. May I speak at the Fairness Hearing? ..... 5
13. What happens if I do nothing at all? ..... 5
THE LAWYERS REPRESENTING YOU ..... 5
14. Do I have a lawyer in this case? ..... 5
15. Should I get my own lawyer? ..... 5
16. How will the lawyers be paid? ..... 5
GETTING MORE INFORMATION ..... 5
17. Are more details available? ..... 5




«Barcode»
«BarcodeString»

## BASIC INFORMATION

### 1. Why did I get this notice?

You are receiving this notice because the Plans' records show you were a participant or beneficiary of the Plans on or after October 11, 2012 (the "Class Period"). Therefore, you are a member of the Settlement Class. This class action lawsuit is known as *Lutz et al. v. Kaleida Health et al.*, No. 1:18-cv-01112-GWC-JJM (W.D.N.Y.). The Honorable Geoffrey W. Crawford, sitting by designation in the United States District Court for the Western District of New York, presides over this case. This notice provides information about the lawsuit, how it may affect you, and your legal rights and options.

### 2. What is this lawsuit about?

This lawsuit is about whether Defendants breached duties as fiduciaries to the Plans in violation of ERISA. Plaintiffs allege that Defendants violated ERISA by causing the Plans to incur excessive recordkeeping fees. You can read Plaintiffs' First Amended Complaint at:

**www.[SETTLEMENT WEBSITE].com**

Defendants deny that they violated any law or duty owed to the Plans or their participants or that the Plans or their participants experienced any losses as a result of their actions.

### 3. What is a class action and who is involved?

In a class action relating to retirement plans such as this, one or more people called "Named Plaintiffs" or "Class Representatives" (in this case, Mary Ellen Lutz, Lea Shurmatz, Kristin Schwartz, Linda Spring and Alexia Christodoulides) sue on behalf of the plan(s) and other people who have similar claims. These people are collectively called a "settlement class" or "settlement class members." The individuals who sue—and all settlement class members like them—are called the "plaintiffs." The persons and entities they sue are called the "defendants." One case resolves the issues in the lawsuit for all the settlement class members and the plan(s).

## THIS SETTLEMENT

### 4. Why is there a settlement?

Plaintiffs and Defendants have been litigating this case since 2018. The Court has not reached a final decision on the claims. Instead, the Parties have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Parties and their counsel. The Parties considered the uncertainty, risks, and costs of litigation and concluded that it is desirable to settle on the terms and conditions set forth in the Settlement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement is an admission or concession by Defendants of any fault or liability whatsoever. They have entered into the Settlement to avoid the uncertainty, expense, and burden of additional litigation.

### 5. What does the Settlement provide?

Under the Settlement, a payment of $800,000.00 (the "Settlement Amount") will be paid to resolve the claims of the Settlement Class against Defendants. The Net Settlement Amount (the Settlement Amount, less (i) Settlement Administration Expenses, (ii) fees and expenses payable to the Independent Fiduciary, and (iii) Case Contribution Awards) will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court (as explained further in Section 6). All Settlement Class members and anyone claiming through them will fully release Defendants and other related entities from the Released Claims, as defined in the Settlement Agreement. The Released Claims include any claims against any of the Defendants and their related entities with respect to the Plans that were asserted in this lawsuit against Defendants or that could have been asserted against them. In addition, the Released Claims include certain other claims as set forth in the Settlement Agreement. **This is *only a summary* of the terms of the Settlement, not a binding description of the award or releases**. The full language of the Settlement Agreement is available at www.[SETTLEMENT WEBSITE].com.

### 6. How much money will I receive from the Settlement?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation. To receive a distribution from the Net Settlement Amount, you must be (1) a Settlement Class member or (2) a beneficiary or alternate payee of a Settlement Class member. The definition of the term "Settlement Class" is provided on page 1 of this notice. There are approximately [#] Settlement Class members. The Net Settlement Amount will be divided among Settlement Class members as described in the Plan of Allocation. Allocations will be based on the amount of each Settlement Class member's holdings in the Plans during the relevant time period. For Participants who have already left the Plans and no longer have an active Plan account ("Former Participants"), Settlement payments will be by check, but if the dollar amount of the Settlement payment to the Former Participant as calculated by the Settlement Administrator is less than $5.00, then that Former



«Barcode»
«BarcodeString»

Participant will not receive a distribution, and their share shall be reallocated among the other Settlement Class members. A more complete description regarding the details of the Plan of Allocation can be found in Section 9.3 of the Settlement Agreement and in the Plan of Allocation, both of which are available at www.[SETTLEMENT WEBSITE].com.

**7. How can I receive my distribution from the Settlement?**

According to our records, you are a Settlement Class member. If your Plan Account(s) is active, your distribution will be paid directly into your Plan Account(s). If you are a Former Participant, you will receive your distribution by check.

## YOUR RIGHTS AND OPTIONS

**8. Can I get out of the Settlement?**

In the event the Court enters a final order approving the Settlement, you will be automatically included if you are a Settlement Class member. This Settlement will resolve the legal claims in the lawsuit for all Settlement Class members against Defendants. You do not have the option to exclude yourself from the Settlement if the Court approves it.

**9. How do I tell the Court if I don't approve of the Settlement?**

If you want to object to the Settlement, you must submit your objection, in writing, to the Court, Class Counsel and Defense Counsel at the following:

| Court |
|---|
| Clerk of the Court<br>U.S. District Court, Western District of New York<br>2 Niagara Square<br>Buffalo, NY 14202 |
| **Class Counsel** |
| J. Nelson Thomas<br>THOMAS & SOLOMON PLLC<br>693 East Avenue<br>Rochester, NY 14607<br>Telephone: (585) 272-0540 |
| **Defense Counsel** |
| Russell L. Hirschhorn<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, New York 10036<br>Telephone: (212) 969-3286 |

For an objection to be considered by the Court, it must be filed with the Court by **[DATE], 2027**. The objection must be in writing and must include the case name *Lutz et al. v. Kaleida Health et al.*, No. 1:18-cv-01112-GWC-JJM (W.D.N.Y.), and also include: (a) your name, address, and telephone number, and if you are represented by counsel, the name, address, and telephone number of your counsel; (b) the specific grounds for your objection (including all arguments, citations, and evidence supporting the objection); (c) a statement of whether you intend to appear at the Fairness Hearing, and the name of your counsel who will appear (if any); (d) a statement of whether the objection applies only to the objector, to a specific subset of Settlement Class members, or to the entire Settlement Class; and (e) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection).

**10. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on **[DATE], 2027** at **[TIME]** before The Honorable Geoffrey W. Crawford, United States District Judge, at the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202, in Courtroom [##], to determine whether to grant final approval of the Settlement and approve (i) the requested attorneys' fees and expenses, (ii) Settlement Administration Expenses, and (iii) Case Contribution Awards. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [WEBSITE].



«Barcode»
«BarcodeString»

**11. Do I have to attend the Fairness Hearing?**

No, but you may come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. If you send your written objection on time (described in Section 9), the Court will consider it.

**12. May I speak at the Fairness Hearing?**

Yes. If you wish to attend and speak at the hearing, you must comply with the requirements for making an objection (described in Section 9) to the Settlement and identify in your objection that you intend to appear and wish to speak at the Fairness Hearing.

**13. What happens if I do nothing at all?**

If you are a Settlement Class member as described on page 1 you do not have to do anything. Your distribution will be paid either directly into your Plan Account(s) (Current Participants) or by check (Former Participants).

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The Court has appointed the law firm of Thomas & Solomon PLLC as Class Counsel for the purposes of this Settlement, which means that they represent all of the Settlement Class members in connection with this Settlement. They are experienced in handling class action lawsuits. More information about this law firm, its practice, and its lawyers' experience is available at www.theemploymentattorneys.com.

**15. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel are working on your behalf. You can hire your own lawyer to appear in court for you, if you want, but you will have to pay that lawyer yourself.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court to award attorneys' fees and expenses for their work in the case. The total of any attorneys' fees and expenses approved by the Court will not exceed $1,800,000.00. These amounts will not be deducted from the Settlement Amount. Class Counsel will also ask the Court to award Case Contribution Awards of up to $7,500 to each Named Plaintiff, which will be paid from the Settlement Amount. A formal application for (i) attorneys' fees and expenses and (ii) Case Contribution Awards will be filed with the Court no later than 14 calendar days before the objection deadline and will be posted on the Settlement Website.

## GETTING MORE INFORMATION

**17. Are more details available?**

For more information, visit the Settlement Website at [SETTLEMENT WEBSITE], where you can find the operative Complaint and other filings related to this Settlement and this lawsuit. You may also contact the Settlement Administrator at 1-800-xxx-xxxx, or Class Counsel by emailing nthomas@theemploymentattorneys.com, or by writing to Class Counsel as follows:

THOMAS & SOLOMON PLLC
Attn: J. Nelson Thomas
693 East Avenue
Rochester, NY 14607

**DO NOT CONTACT THE COURT OR COUNSEL FOR THE DEFENDANTS TO GET ADDITIONAL INFORMATION**



«Barcode»
«BarcodeString»