**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MARY ELLEN LUTZ, LEA SHURMATZ, KRISTIN SCHWARTZ, LINDA SPRING, AND ALEXIA CHRISTODOULIDES, *on behalf of themselves and all others similarly situated,*

*Plaintiffs,*

v.

KALEIDA HEALTH, *et al.*,

*Defendants*.

Case No. 1:18-cv-01112-GWC-JJM

**[Proposed] Order on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement**

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") asserted against Defendants Kaleida Health, Board of Directors of Kaleida, Kaleida Health Retirement Plan Committee, Kaleida Health Investment Committee, Nicholas J. Aquino, Matthew L. Brown, Lorrie A. Clemo, Amy L. Clifton, Garry M. Crosby, Frank Curci, Evan Evans, Kevin Gibbons, Christopher T. Greene, Kathleen T. Grimm, Robert Halonen, James R. Kaskie, Darren J. King, John R. Koelmel, Jody L. Lomeo, William J. Maggio, Jr., George E. Matthews, Brenda L. McGee, David A. Milling, Herman S. Mogavero, Jr., Paul O'Leary, Christopher Ross, Mary Lou Rusin, Dale N. Schumacher, Francisco M. Vasquez, Peter Winkelstein, Robert M. Zak, and Susan Vallance in connection with the management of the Kaleida Health Savings/Investment 401(k) Plan and the Kaleida Health Savings/Investment 403(b) Plan (the "Plans").

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Settlement Agreement dated October 30, 2026, executed on behalf of Named Plaintiffs and Defendants. Except as

otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefor,

**It is hereby ORDERED as follows**:

1. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

A. The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel;

B. The Settlement was negotiated only after Class Counsel had received pertinent information from Defendants;

C. Class Counsel has submitted an affirmation in support of the Settlement; and

D. Considering the relevant Second Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing**: A hearing will be held on [a date no sooner than one-hundred-one (101) calendar days after the date of the Preliminary Approval Order] 2027, at [insert time] [A/P].M., in Courtroom [INSERT] of the United States District Court for the Western District of New York, before the undersigned United States District Judge, to determine, among other issues:

A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

B. Whether the Court should approve the Plan of Allocation, finally certify

the Settlement Class, and enter the Final Approval Order; and

C. Whether the Court should approve Class Counsel's motion for attorneys' fees and expenses, Settlement Administration Expenses, and Case Contribution Awards.

**3.** **Settlement Administrator**: The Court approves and orders that Rust Consulting shall serve as the Settlement Administrator and be responsible for carrying out the responsibilities set forth in the Settlement Agreement.

A. The Settlement Administrator shall use the data provided by Defendants, Defense Counsel, Class Counsel, Settlement Class members, and the Plans' recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose; and

B. The Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4.** **Class Certification**: The following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the Plans at any time on or after October 11, 2012 through the date on which the Settlement becomes Final.

The Court appoints Mary Ellen Lutz, Lea Shurmatz, Kristin Schwartz, Linda Spring, and Alexia Christodoulides as the named representatives for the Settlement Class. Further, the Court appoints Thomas & Solomon PLLC as Class Counsel.

**5.** **Class Notice**: The Parties have presented to the Court the Class Notice,

attached hereto as Exhibit 1, which is the proposed form of notice regarding the Settlement for distribution to Settlement Class members.

A. The Court approves the text of the Class Notice and finds that:

i. the proposed Class Notice fairly and adequately:

a. describes the terms and effect of the Settlement Agreement and of the Settlement;

b. provides sufficient notice to all members of the Settlement Class of the time and place of the Fairness Hearing; and

c. describes the rights of all Settlement Class members, including that the recipients of the Class Notice may object to approval of the Settlement; and

ii. the proposed manner of distributing the Class Notice to Settlement Class members is the best notice practicable under the circumstances and fully complies with the requirements of Federal Rule of Civil Procedure 23 and due process.

B. Within twenty-one (21) calendar days after entry of this Order, the Settlement Administrator shall distribute the Class Notice to each Settlement Class member as specified in the Settlement Agreement, based on data provided by the Plans' recordkeeper. The Class Notice shall be sent by electronic means and/or by first class mail to all Settlement Class members at the last known email addresses and/or mailing addresses for the Settlement Class members in the possession of the Plans' recordkeeper, provided, however, that if the Settlement Administrator obtains an updated address through its efforts to verify the last known email address and/or mailing address provided by the

Plans' recordkeeper, then Class Notice shall be sent thereto.

C. No later than ten (10) calendar days after entry of this Order, the Settlement Administrator shall establish a Settlement Website. The Settlement Administrator shall post on the Settlement Website a copy of the Settlement Agreement, Plan of Allocation, Class Notice, and relevant case documents to be agreed to by the Parties.

6. **Preliminary Injunction**: Each Settlement Class member and their respective Successors-In-Interest is preliminarily enjoined from suing Defendants, the Plans, or any other Releasees in any action or proceeding alleging any of the Released Claims, even if any Settlement Class member may thereafter discover facts in addition to or different from those which the Settlement Class members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Plans, or any other Releasees.

7. **Objections to Settlement**: Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections, shall be considered by the Court at the Fairness Hearing if they have been timely sent to the Court and to Class Counsel and Defense Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defense Counsel within forty-five (45) calendar days of the Class Notice being issued. Any Person who wishes to speak at the Fairness Hearing must file a notice with the Court and serve it on Class Counsel and Defense Counsel within forty-five (45) calendar days of

the Class Notice being issued.

**8. Responses to Objections and Final Approval Motion**: Any Party may file a response to an objection by a Settlement Class member within seven (7) calendar days of the objection being received by Class Counsel and Defense Counsel, and Named Plaintiffs shall file their Final Approval Motion by [a date no later than seven (7) calendar days after the deadline for objections].

**9. Petition for Fees, Expenses, and Case Contribution Awards**: Any application for attorneys' fees, costs and expenses shall be filed no later than fourteen (14) calendar days prior to the deadline for objections. Class Counsel shall petition the Court no later than fourteen (14) calendar days prior to the deadline for objections for an award of $7,500 for each Named Plaintiff to be paid to the Named Plaintiffs from the Settlement Amount. Defendants will not oppose any such requests consistent with the Settlement Agreement.

**10. Continuance of Hearing**: The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to Settlement Class members, other than by notice via the Court's docket or the Settlement Website.

**11. CAFA Notice**: The Court approves the form of the CAFA Notice attached hereto as Exhibit 2 and orders that upon the distribution of the CAFA Notice, Defendants shall have fulfilled their obligations under the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*.

**IT IS SO ORDERED.**

Dated: ____________________ ________________________________

Hon. Geoffrey W. Crawford
United States District Judge

# Exhibit 1

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
***Lutz et al. v. Kaleida Health et al.*, No. 1:18-cv-01112-GWC-JJM (W.D.N.Y.)**

«IMbFullBarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State» «Zip»-«ZipDPC3»

«Notice_Encoded»

**This is a notice of a proposed class action settlement.**
**If you were a participant in or beneficiary of the Kaleida Health Savings/Investment 401(k) Plan or the Kaleida Health Savings/Investment 403(b) Plan on or after October 11, 2012, a class action lawsuit may affect your rights.**

**A federal court authorized this notice. This is not a solicitation from a lawyer.**
**You are not being sued. You do not need to submit a claim form.**

- A federal lawsuit alleges that, by causing the Kaleida Health Savings/Investment 401(k) Plan and the Kaleida Health Savings/Investment 403(b) Plan (collectively, the "Plans") to, among other things, incur excessive recordkeeping fees, Defendants breached their fiduciary duties to the Plans in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs sued Kaleida Health, Board of Directors of Kaleida, Kaleida Health Retirement Plan Committee, Kaleida Health Investment Committee, Nicholas J. Aquino, Matthew L. Brown, Lorrie A. Clemo, Amy L. Clifton, Garry M. Crosby, Frank Curci, Evan Evans, Kevin Gibbons, Christopher T. Greene, Kathleen T. Grimm, Robert Halonen, James R. Kaskie, Darren J. King, John R. Koelmel, Jody L. Lomeo, William J. Maggio, Jr., George E. Matthews, Brenda L. McGee, David A. Milling, Herman S. Mogavero, Jr., Paul O'Leary, Christopher Ross, Mary Lou Rusin, Dale N. Schumacher, Francisco M. Vasquez, Peter Winkelstein, Robert M. Zak, and Susan Vallance (together, "Defendants").

- Defendants deny all allegations of wrongdoing, fault, liability, or damage to the Plaintiffs and the Settlement Class and deny that they engaged in any wrongdoing or violation of law or breach of fiduciary duties. Among other things, Defendants contend that they acted prudently and loyally at all times and in all respects with regard to the Plans. Defendants deny all claims, and nothing in the Settlement is an admission or concession on their part of any fault or liability whatsoever.

- A Settlement has been reached that applies to all claims in this case.

- This is a Class Action Settlement. The Settlement Class is defined as:

  All participants and beneficiaries of the Plans at any time on or after October 11, 2012 through the date on which the Settlement becomes Final.

- The Settlement provides for an $800,000.00 Settlement Amount. After deduction of any Court-approved Settlement Administration Expenses (such as the cost of distributing this Notice), fees and expenses payable to the Independent Fiduciary, and Court-approved Case Contribution Awards, the remaining amount (the "Net Settlement Amount") will be paid to the Settlement Class under the Plan of Allocation. Any Court-approved attorneys' fees and expenses for Class Counsel will be paid separately and will not reduce the Settlement Amount. The terms of the Settlement are in the Class Action Settlement Agreement & Release dated October 30, 2026 (the "Settlement Agreement"), which is available on the Settlement Website at www.[WEBSITE].com. The terms are summarized below. This Notice is a summary. In the event of any inconsistency, the Settlement Agreement and any order of the Court control. The Settlement Agreement is not an admission or concession by Defendants of any fault or liability, nor is it an admission by Plaintiffs that their claims lacked merit.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this notice.



«Barcode»
«BarcodeString»

- The Court has yet to decide whether to approve the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement, and that final approval is upheld in the event of any appeal.
- A Fairness Hearing will take place on [DATE], 2027 at [TIME] before The Honorable Geoffrey W. Crawford at the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202, in Courtroom [##], to determine whether to grant final approval of the Settlement and approve (i) the requested attorneys' fees and expenses, (ii) Settlement Administration Expenses, and (iii) Case Contribution Awards to the Named Plaintiffs. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [WEBSITE].
- Objections to the Settlement, or to (i) the requested attorneys' fees and expenses, (ii) administrative fees, costs, and expenses, or (iii) Case Contribution Awards, must be filed with the Court and served on Class Counsel and Defense Counsel by U.S. Mail by [DATE], 2027. More information about the objection process is in Section 9 of this notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **Our records indicate you are a Settlement Class member.**<br><br>**If so, you do not need to do anything to receive your share of the Settlement.** | If you have an Active Plan Account in either of the Plans, meaning you have an existing account in either of the Plans as of the date the Settlement becomes Final, you will receive your share of the Net Settlement Amount as a direct deposit into your Plan Account(s). If you do not have an Active Plan Account, you will receive your share of the Net Settlement Amount, if any, via check sent by mail. |
| **You can object to the Settlement no later than [DATE], 2027.** | If you want to object to any part of the Settlement, or to (i) the requested attorneys' fees and expenses, (ii) Settlement Administration Expenses, or (iii) Case Contribution Awards, you must submit your objection and any supporting documents to the Court, Class Counsel, and Defense Counsel by **[DATE], 2027**. |
| **You can attend a hearing on [DATE], 2027 to discuss the fairness of the Settlement.** | You may also attend the Fairness Hearing on **[DATE], 2027**. If you wish to attend and speak at the hearing, you must file with the Court and serve on Class Counsel and Defense Counsel notice of your intent to appear by **[DATE], 2027**. Please note that you may not be permitted to make an objection to the Settlement if you do not comply with the requirements for making objections. |

**WHAT THIS NOTICE CONTAINS**


BASIC INFORMATION .......... 3
1. Why did I get this notice? .......... 3
2. What is this lawsuit about? .......... 3
3. What is a class action and who is involved? .......... 3
THIS SETTLEMENT .......... 3
4. Why is there a settlement? .......... 3
5. What does the Settlement provide? .......... 3
6. How much money will I receive from the Settlement? .......... 3
7. How can I receive my distribution from the Settlement? .......... 4
YOUR RIGHTS AND OPTIONS .......... 4
8. Can I get out of the Settlement? .......... 4
9. How do I tell the Court if I don't approve of the Settlement? .......... 4
10. When and where will the Court decide whether to approve the Settlement? .......... 4
11. Do I have to attend the Fairness Hearing? .......... 5
12. May I speak at the Fairness Hearing? .......... 5
13. What happens if I do nothing at all? .......... 5
THE LAWYERS REPRESENTING YOU .......... 5
14. Do I have a lawyer in this case? .......... 5
15. Should I get my own lawyer? .......... 5
16. How will the lawyers be paid? .......... 5
GETTING MORE INFORMATION .......... 5
17. Are more details available? .......... 5




«Barcode»
«BarcodeString»

## BASIC INFORMATION

### 1. Why did I get this notice?

You are receiving this notice because the Plans' records show you were a participant or beneficiary of the Plans on or after October 11, 2012 (the "Class Period"). Therefore, you are a member of the Settlement Class. This class action lawsuit is known as *Lutz et al. v. Kaleida Health et al.*, No. 1:18-cv-01112-GWC-JJM (W.D.N.Y.). The Honorable Geoffrey W. Crawford, sitting by designation in the United States District Court for the Western District of New York, presides over this case. This notice provides information about the lawsuit, how it may affect you, and your legal rights and options.

### 2. What is this lawsuit about?

This lawsuit is about whether Defendants breached duties as fiduciaries to the Plans in violation of ERISA. Plaintiffs allege that Defendants violated ERISA by causing the Plans to incur excessive recordkeeping fees. You can read Plaintiffs' First Amended Complaint at:

**www.[SETTLEMENT WEBSITE].com**

Defendants deny that they violated any law or duty owed to the Plans or their participants or that the Plans or their participants experienced any losses as a result of their actions.

### 3. What is a class action and who is involved?

In a class action relating to retirement plans such as this, one or more people called "Named Plaintiffs" or "Class Representatives" (in this case, Mary Ellen Lutz, Lea Shurmatz, Kristin Schwartz, Linda Spring and Alexia Christodoulides) sue on behalf of the plan(s) and other people who have similar claims. These people are collectively called a "settlement class" or "settlement class members." The individuals who sue—and all settlement class members like them—are called the "plaintiffs." The persons and entities they sue are called the "defendants." One case resolves the issues in the lawsuit for all the settlement class members and the plan(s).

## THIS SETTLEMENT

### 4. Why is there a settlement?

Plaintiffs and Defendants have been litigating this case since 2018. The Court has not reached a final decision on the claims. Instead, the Parties have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Parties and their counsel. The Parties considered the uncertainty, risks, and costs of litigation and concluded that it is desirable to settle on the terms and conditions set forth in the Settlement. The Class Representatives and Class Counsel believe that the Settlement is best for the Settlement Class. Nothing in the Settlement is an admission or concession by Defendants of any fault or liability whatsoever. They have entered into the Settlement to avoid the uncertainty, expense, and burden of additional litigation.

### 5. What does the Settlement provide?

Under the Settlement, a payment of $800,000.00 (the "Settlement Amount") will be paid to resolve the claims of the Settlement Class against Defendants. The Net Settlement Amount (the Settlement Amount, less (i) Settlement Administration Expenses, (ii) fees and expenses payable to the Independent Fiduciary, and (iii) Case Contribution Awards) will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court (as explained further in Section 6). All Settlement Class members and anyone claiming through them will fully release Defendants and other related entities from the Released Claims, as defined in the Settlement Agreement. The Released Claims include any claims against any of the Defendants and their related entities with respect to the Plans that were asserted in this lawsuit against Defendants or that could have been asserted against them. In addition, the Released Claims include certain other claims as set forth in the Settlement Agreement. **This is *only a summary* of the terms of the Settlement, not a binding description of the award or releases**. The full language of the Settlement Agreement is available at www.[SETTLEMENT WEBSITE].com.

### 6. How much money will I receive from the Settlement?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper. Calculations regarding individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation. To receive a distribution from the Net Settlement Amount, you must be (1) a Settlement Class member or (2) a beneficiary or alternate payee of a Settlement Class member. The definition of the term "Settlement Class" is provided on page 1 of this notice. There are approximately [#] Settlement Class members. The Net Settlement Amount will be divided among Settlement Class members as described in the Plan of Allocation. Allocations will be based on the amount of each Settlement Class member's holdings in the Plans during the relevant time period. For Participants who have already left the Plans and no longer have an active Plan account ("Former Participants"), Settlement payments will be by check, but if the dollar amount of the Settlement payment to the Former Participant as calculated by the Settlement Administrator is less than $5.00, then that Former



«Barcode»
«BarcodeString»

Participant will not receive a distribution, and their share shall be reallocated among the other Settlement Class members. A more complete description regarding the details of the Plan of Allocation can be found in Section 9.3 of the Settlement Agreement and in the Plan of Allocation, both of which are available at www.[SETTLEMENT WEBSITE].com.

**7. How can I receive my distribution from the Settlement?**

According to our records, you are a Settlement Class member. If your Plan Account(s) is active, your distribution will be paid directly into your Plan Account(s). If you are a Former Participant, you will receive your distribution by check.

**YOUR RIGHTS AND OPTIONS**

**8. Can I get out of the Settlement?**

In the event the Court enters a final order approving the Settlement, you will be automatically included if you are a Settlement Class member. This Settlement will resolve the legal claims in the lawsuit for all Settlement Class members against Defendants. You do not have the option to exclude yourself from the Settlement if the Court approves it.

**9. How do I tell the Court if I don't approve of the Settlement?**

If you want to object to the Settlement, you must submit your objection, in writing, to the Court, Class Counsel and Defense Counsel at the following:

| Court |
|---|
| Clerk of the Court<br>U.S. District Court, Western District of New York<br>2 Niagara Square<br>Buffalo, NY 14202 |
| **Class Counsel** |
| J. Nelson Thomas<br>THOMAS & SOLOMON PLLC<br>693 East Avenue<br>Rochester, NY 14607<br>Telephone: (585) 272-0540 |
| **Defense Counsel** |
| Russell L. Hirschhorn<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, New York 10036<br>Telephone: (212) 969-3286 |

For an objection to be considered by the Court, it must be filed with the Court by **[DATE], 2027**. The objection must be in writing and must include the case name *Lutz et al. v. Kaleida Health et al.*, No. 1:18-cv-01112-GWC-JJM (W.D.N.Y.), and also include: (a) your name, address, and telephone number, and if you are represented by counsel, the name, address, and telephone number of your counsel; (b) the specific grounds for your objection (including all arguments, citations, and evidence supporting the objection); (c) a statement of whether you intend to appear at the Fairness Hearing, and the name of your counsel who will appear (if any); (d) a statement of whether the objection applies only to the objector, to a specific subset of Settlement Class members, or to the entire Settlement Class; and (e) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection).

**10. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on **[DATE], 2027** at **[TIME]** before The Honorable Geoffrey W. Crawford, United States District Judge, at the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202, in Courtroom [##], to determine whether to grant final approval of the Settlement and approve (i) the requested attorneys' fees and expenses, (ii) Settlement Administration Expenses, and (iii) Case Contribution Awards. If the Fairness Hearing is rescheduled, or if it is held by video conference or telephone, a notice will be posted on the Settlement Website at [WEBSITE].



«Barcode»
«BarcodeString»

**11. Do I have to attend the Fairness Hearing?**

No, but you may come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. If you send your written objection on time (described in Section 9), the Court will consider it.

**12. May I speak at the Fairness Hearing?**

Yes. If you wish to attend and speak at the hearing, you must comply with the requirements for making an objection (described in Section 9) to the Settlement and identify in your objection that you intend to appear and wish to speak at the Fairness Hearing.

**13. What happens if I do nothing at all?**

If you are a Settlement Class member as described on page 1 you do not have to do anything. Your distribution will be paid either directly into your Plan Account(s) (Current Participants) or by check (Former Participants).

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The Court has appointed the law firm of Thomas & Solomon PLLC as Class Counsel for the purposes of this Settlement, which means that they represent all of the Settlement Class members in connection with this Settlement. They are experienced in handling class action lawsuits. More information about this law firm, its practice, and its lawyers' experience is available at www.theemploymentattorneys.com.

**15. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel are working on your behalf. You can hire your own lawyer to appear in court for you, if you want, but you will have to pay that lawyer yourself.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court to award attorneys' fees and expenses for their work in the case. The total of any attorneys' fees and expenses approved by the Court will not exceed $1,800,000.00. These amounts will not be deducted from the Settlement Amount. Class Counsel will also ask the Court to award Case Contribution Awards of up to $7,500 to each Named Plaintiff, which will be paid from the Settlement Amount. A formal application for (i) attorneys' fees and expenses and (ii) Case Contribution Awards will be filed with the Court no later than 14 calendar days before the objection deadline and will be posted on the Settlement Website.

## GETTING MORE INFORMATION

**17. Are more details available?**

For more information, visit the Settlement Website at [SETTLEMENT WEBSITE], where you can find the operative Complaint and other filings related to this Settlement and this lawsuit. You may also contact the Settlement Administrator at 1-800-xxx-xxxx, or Class Counsel by emailing nthomas@theemploymentattorneys.com, or by writing to Class Counsel as follows:

THOMAS & SOLOMON PLLC
Attn: J. Nelson Thomas
693 East Avenue
Rochester, NY 14607

**DO NOT CONTACT THE COURT OR COUNSEL FOR THE DEFENDANTS TO GET ADDITIONAL INFORMATION**



«Barcode»
«BarcodeString»

# Exhibit 2

Proskauer
Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

[DATE], 2026

Russell L. Hirschhorn
Member of the Firm
d +1-212-969-3286
f +1-212-969-2900
rhirschhorn@proskauer.com
www.proskauer.com

By Certified Mail Return Receipt Requested

[TITLE]
[OFFICE]
[ADDRESS 1]
[ADDRESS 2]
[EMAIL (IF APPLICABLE)]

Re: *Lutz et al. v. Kaleida Health et al.*, No. 1:18-cv-01112-GWC-JJM (W.D.N.Y.)

Dear Sir/Madam:

Defendant Kaleida Health, along with all other Defendants, through their undersigned counsel, hereby provides this notice of a proposed Class Action Settlement in the above-referenced matter pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"). The proposed Settlement will resolve the action.

On October 30, 2026, Plaintiffs' counsel filed a Motion for Preliminary Approval of Class Action Settlement, provided as Exhibit A. The Motion includes the Parties' Class Action Settlement Agreement and Release (the "Settlement Agreement"), provided as Exhibit B. The Settlement Agreement contemplates that the Court will conditionally certify a Settlement Class, defined as: "All participants and beneficiaries of the Plans at any time on or after October 11, 2012 through the date on which the Settlement becomes Final."

In accordance with CAFA, Defendants provide the following:

**1. The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiffs' Class Action Complaint and First Amended Class Action Complaint are provided as Exhibit C and Exhibit D, respectively.

**2. Notice of any scheduled judicial hearing in the class action.**

Neither the Preliminary Approval Hearing nor the Final Approval Hearing has been scheduled by the Court. Once the Court schedules these hearings, the dates of the hearings and copies of the Court's orders will be posted on the Settlement Website to be established by the Settlement Administrator at www.[SETTLEMENT WEBSITE].com.

Proskauer



**3. Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement submitted to the Court is provided as Exhibit E.

**4. Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties and submitted to the Court is provided as Exhibit B hereto.

**5. Any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants.**

There are no agreements other than the Settlement Agreement contemporaneously made between Plaintiffs' counsel and counsel for the Defendants.

**6. Any final judgment or notice of dismissal.**

Final judgment has not yet been entered. Once the Court issues its Final Approval Order and Judgment, a copy of the Court's order will be posted on the Settlement Website to be established by the Settlement Administrator at www.[SETTLEMENT WEBSITE].com.

**7. A reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.**

Provided as Exhibit F is a table with a reasonable estimate of the number of Settlement Class Members residing in each state according to the Plans' records. The estimated proportionate share of the claims of such members to the Settlement is described in the Plan of Allocation provided as Exhibit G.

**8. Any written judicial opinion relating to the materials described in (3) through (6).**

There are no written judicial opinions relating to the materials described in sections (3) through (6) at this time.

Proskauer



Exhibits A-G are enclosed electronically. Please contact me if you prefer to receive a hard copy of these materials.

If you have questions about this notice, the action, or the provided materials, please do not hesitate to contact me.

Sincerely,

Russell L. Hirschhorn

Enclosures